Bergan, J.
The ordinance of the City of Lackawanna challenged by plaintiff restricts the size of trucks operating on a residential street to five tons (10,000 pounds). The street is very narrow, from 18 to 20 feet in width, making the passage of most motor vehicles difficult. It has no sidewalks and children play extensively there. The general city area where the street is located is residential and has been so zoned for many years.
Plaintiff’s trucks, weighing from 26,000 to 28,000 pounds loaded (almost three times the size permitted by the ordinance), have extensively used the residential street. They are 33 feet long and 11 feet high. A witness described one of the tractor-trailers as covering half the pavement of the street.
The record discloses an attribution of damage to private homes by cracking and a deterioration in the city street due to this heavy usage. The residential community became so disturbed by plaintiff’s trucks that a picket of neighborhood adults and children was established on the street to attempt to stop the heavy traffic. A “ huge chain of people ” blocked the street. They ‘ ‘ just wanted the trucks gone ’ ’.
The general power of the city to enact a reasonable ordinance to control the weight and size of vehicles on streets is beyond all doubt. It is not only an authority granted specifically by paragraph 5 of subdivision (a) of section 1640 of the Vehicle and Traffic Law, but it has been regarded as a normal municipal power in the Local Governments article of the New York Constitution (art. IX), in the City Home Rule Law, and in numerous city charters.
The Vehicle and Traffic Law, when certain truck routes have been designated, authorizes the city to exclude heavy traffic *646 from “ all ” other streets, whether residential or not (Vehicle and Traffic Law, § 1640-, snbd. [a], par. 10). The City of Lackawanna has designated and laid ont such track routes.
Thus, the uniform rale is that on its face the ordinance here challenged must be deemed valid (Sproles v. Binford, 286 U. S. 374; Fifth Ave. Coach Co. v. City of New York, 221 U. S. 467, affg. 194 N. Y. 19; Cities Serv. Oil Co. v. City of New York, 5 NY 2d 110; Wiggins v. Town of Somers, 4 N Y 2d 215; Rodgers v. Village of Tarrytown, 302 N. Y. 115; Shepard v. Village of Skaneateles, 300 N. Y. 115; Jones Beach Blvd. Estate v. Moses, 268 N. Y. 362; People ex rel. Wineburgh Adv. Co. v. Murphy, 195 N. Y. 126; Scmer v. City of New York, 180 N. Y. 27; Deshong v. City of New York, 176 N. Y. 475; cf. Tubular Serv. Corp. v. Commissioner of State Highway Dept., 77 N. J. Super. 556, affd. 40 N. J. 331).
Plaintiff’s rights are not inconsequential, but in balancing interests and policy they do not reach the level where, because of inconvenience or some difficulty, the track owner’s claims on the court should override the safety of residents and the reasonable regulations of a city designed to promote the public safety.
Plaintiff has a substantial plant investment in the Town of West 'Seneca. But it selected and paid a modest amount for the site at a time when it was perfectly apparent that the Thruway would cut off access except through the City of Lackawanna’s residential street and when it was equally apparent that the street was not suited to 33-foot tractor-trailer units weighing nearly 30,000 pounds.
Nevertheless, plaintiff went ahead with construction of a plant in the adjoining town which needed to be serviced by heavy trucks. When residents began to protest the heavy usage of their narrow street, plaintiff consulted with officials of the Town of West Seneca where it was paying taxes. Officials of the • City of Lackawanna were also consulted.
At least three alternative routes in the town were considered which would have avoided use of the city’s residential street. The city engineer described these routes and estimated their cost. The town has chosen not to make this provision. One feasible route would cost from $25,000 to $30,000. This would *647 be less than the cost to the city ($55,000) in restructuring the residential street to bear heavy usage.
Since, in the long run, this is a matter of accommodation, it does not seem unreasonable for the town to which plaintiff pays substantial taxes to provide for plaintiff and other owners in its industrial zone access roads which would avoid an unreasonable use of the street in the neighboring city in violation of its local laws and ordinances.
The order should be affirmed, without costs.
Chief Judge Fuld and Judges Breitel and Jasen concur with Judge Bergan; Judges Burke, Scileppi and Keating dissent and vote to reverse on the opinion at the Trial Term.
Order affirmed.