591 P.2d 563

**STATE of Arizona, Appellee,**

v.

**David BURNS, Appellant.**

**No. 1 CA–CR 3116.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 11, 1979.

Rehearing Denied Feb. 21, 1979.

John A. LaSota, Jr., former Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div. and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

David Burns, in pro. per.

## OPINION

OGG, Chief Judge.

Appellant challenges in this appeal the constitutionality of Arizona's automobile emissions inspection program, A.R.S. §§ 36–1771 to 36–1780, chiefly on grounds that it is an unlawful "search" which violates the interests protected by the Fourth Amendment of the United States Constitution.

In August 1976, appellant David Burns, without having first secured a certificate of inspection certifying that he had undergone the emissions inspection, tried to register his 1967 Volkswagen. Registration was refused. On May 28, 1977 appellant was cited by the Department of Public Safety for driving with an expired vehicle registration, and on July 18, 1977 he was convicted in Tempe Justice Court and fined $12.00. Appellant took a lower court appeal from the Tempe Justice Court to the Maricopa County Superior Court, arguing that the vehicle emission inspection was an unconstitutional search to which he could not be required to submit without a warrant and the existence of probable cause. After oral argument before the Superior Court, an order was entered finding the vehicle emissions inspection statute constitutional and affirming appellant's conviction. Appellant thereupon filed this appeal.

As an initial matter we must first dispose of appellee's position that appellant has no standing to object to the constitutionality of the vehicle emissions inspection statutes. The major thrust of appellee's lack of standing argument is that if the testing procedure involves an illegal search, appellant has never actually been subjected to the offensive procedures which he attacks because he has never submitted to the emissions inspection.

Generally only those who are injured by an unconstitutional statute may object to its constitutionality. *McKinley v. Reilly*, 96 Ariz. 176, 393 P.2d 268 (1964), appeal dismissed, 381 U.S. 276, 85 S.Ct. 1457, 14 L.Ed.2d 431 (1965). We believe that despite appellant's refusal to submit his automobile for inspection, he has nonetheless sustained sufficient injury to acquire standing. The State has refused to register appellant's vehicle, and he was convicted of driving a vehicle with an expired registration.

We find this to be a sufficient injury to confer upon him standing to challenge the constitutionality of the statute.

Appellant initially contends that the testing program denies him due process of law because by its operation he has been deprived of his right to use the highways. However, the right to use the public highways is not an unlimited right. It is always subject to reasonable regulation under the police power of the state. *Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971); *Schechter v. Killingsworth*, 93 Ariz. 273, 380 P.2d 136 (1963); *Campbell v. State, Department of Revenue, Division of Motor Vehicles*, 176 Colo. 202, 491 P.2d 1385 (1971); *Commonwealth, Department of Transportation v. Gallagher*, 3 Pa.Cmwlth. 371, 283 A.2d 508 (1971); *People v. Fite*, 267 Cal.App.2d 685, 73 Cal.Rptr. 666 (1968). Pursuant to the police power the legislature may:

> [M]ake, ordain and establish all manner of wholesome and reasonable laws, statutes and ordinances either with penalties or without as shall be judged to be good for the welfare of the state and its residents. *McKinley v. Reilly*, 96 Ariz. at 179, 393 P.2d at 270.

The courts have upheld legislative efforts under the police power to discourage reckless driving and driving while intoxicated. *Campbell v. Superior Court; State v. Ha-*

*rold,* 74 Ariz. 210, 246 P.2d 178 (1952). See, *Weston v. State,* 49 Ariz. 183, 65 P.2d 652 (1937). The state can legitimately adopt measures designed to protect the driving public from financial hardship which may result from the use of automobiles by financially irresponsible persons. *Schechter v. Killingsworth.* The state may also reasonably regulate the weight of vehicles using its highways. *Bakery Salvage Corp. v. City of Lackawanna,* 24 N.Y.2d 643, 301 N.Y. S.2d 581, 249 N.E.2d 438 (1969), modified, 24 N.Y.2d 1025, 302 N.Y.S.2d 845, 250 N.E.2d 247 (1969), and may even impose upon its citizens a mandatory vehicle safety inspection. *Miller v. State,* 503 P.2d 886 (Okl.Cr. 1972); *People v. De La Torre,* 257 Cal. App.2d 162, 64 Cal.Rptr. 804 (1967).

The defendant asserts that the imposition of an emissions test is not a valid exercise of the state's police power. In A.R.S. § 36–1700A the legislature announced the following policy:

> The legislature finds and declares that air pollution exists with varying degrees of severity within the state, such air pollution is potentially and in some cases actually dangerous to the health of the citizenry, often causes physical discomfort, injury to property and property values, discourages recreational and other uses of the state's resources and is esthetically unappealing. The legislature by this act intends to exercise the police power of this state in a coordinated statewide program to control present and future sources of emission of air contaminants to the end that air polluting activities of every type shall be regulated in a manner that insures the health, safety and general welfare of all the citizens of the state; protects property values and protects plant and animal life.

*Compare* 42 U.S.C. § 1857(a).

■ This court will not question the wisdom of legislative enactments unless they are clearly erroneous, arbitrary or wholly unwarranted. *McKinley v. Reilly.* The legislature found that pollution exists and is an actual and potential danger to the health of the citizens of this state. We

cannot quibble with such a determination and think it is obvious that the emissions inspection program is reasonably calculated to control air pollution. The testing program does affect the rights of some. However, the Constitution does not require that the "legislature act in a manner less than in the public interest merely because an individual's right is affected . . ." *Id.,* 96 Ariz. at 179, 393 P.2d at 270. This legislation is a valid exercise of the police power to protect the health, welfare and safety of the citizens of this state.

Appellant's final contention is that the emissions test is an unreasonable search under the Fourth Amendment of the United States Constitution. We disagree.

■ Although we have found no cases precisely on point, this court has recognized that consent to minimal intrusions may be required by the state as a prerequisite to use of regulated means of travel. See, *State v. White,* 26 Ariz.App. 505, 549 P.2d 600 (1976). See also, *Campbell v. Superior Court; Miller v. State;* and *People v. De La Torre.* In *State v. White* we held that a screening search of passengers preparing to board an airplane is valid if the intrusion is minimal and the passengers have a right to decline the search and not board the aircraft. We particularly noted the important state interest involved and the limited nature of the intrusion. We believe the inspection required by the state in this case is less intrusive than that in *State v. White.*

■ The intrusion represented by the emissions test, in contrast to the important government interest involved, is minimal. An intrusion into an automobile is generally less violative of the rights protected by the Fourth Amendment than searches of residences or businesses. See, *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). In this case an electronic sensor is inserted into the tailpipe of the vehicle tested, which is then run under varying conditions. There is no search of the interior of the vehicle or its contents. In *Wyman v. James,* 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971), the Supreme Court permitted a far more intrusive in-

spection than the one before this court. It held that recipients of welfare benefits as a prerequisite to receiving such benefits may be required to submit to caseworkers' inspections of their homes.

 We are aware the United States Supreme Court in *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967); *See v. City of Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967); and *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), required government inspectors to obtain administrative search warrants before entering private property to inspect for violations of building, fire and safety regulations. In those cases the Court was concerned with the potential for abuses that existed in the warrantless searches. However, there is no such potential in the case of the emissions test as challenged by the defendant. The test is administered at a time selected by the owner. The inspection is not conducted at a residence or place of business but is performed at a certified state inspection station.[1] The person performing the test is doing so pursuant to statutory authority and the inspector is a state representative. The test procedure is simple and well defined; the inspector has no discretion. He does not examine nor is he concerned with the interior or contents of the vehicle. There is little likelihood for arbitrariness on the part of the inspector, nor is there great potential for abuse.

The state in this instance has not attempted to force the defendant to submit to the test. As in *Wyman v. James* and *State v. White,* the owner may submit his vehicle for inspection and take the government benefit or refuse to comply and forego the registration of his vehicle.

We hold that the vehicle emissions test under the circumstances in this case does not fall within the Fourth Amendment's proscription against unreasonable searches.

The judgment and sentence of the trial court are affirmed.

SCHROEDER, P. J., and JACOBSON, J., concurring.

---

1. The emissions test statute authorizes random inspections of vehicles by law enforcement agencies. A.R.S. § 36-1777. This case does not involve such an inspection, nor does the defendant challenge its validity. In this opinion we make no determination in that regard.