Daniel G. Schum, Esq. Town Attorney, Ogden
You ask whether a town may establish a speed limit below twenty-five miles per hour on a town road which is a dead-end street and which bisects a town park and facility. In a subsequent telephone conversation with this office, you indicated that the road in question was accepted by the town as a highway, is maintained by the town and is used by the public on a daily basis for purposes of vehicular travel.
Vehicle and Traffic Law, § 1662-a permits town boards in certain towns to establish a speed limit lower than the fifty-five miles per hour maximum statutory limit, but not less than twenty-five miles per hour on or along designated "highways" within such towns, except in the immediate vicinity of schools and over bridges (Vehicle and Traffic Law, §1663). Section 118 of the statute defines a highway as:
 "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." (Emphasis supplied.)
Vehicle and Traffic Law, § 1670 provides, in pertinent part, that any "local authority", which includes within its definition a town board (id., § 122),
 "* * * with respect to driveways or parking fields accessory to any * * * park, municipal building, installation or facility, and under the jurisdiction of such local authority for general regulatory of custodial purposes, may by ordinance, order, rule or regulation:
 * * * "3. Establish lower maximum speed limits at which vehicles may proceed than the fifty-five miles per hour statutory maximum speed limit." (Emphasis supplied.)
Section 1670 does not specify the lowest maximum speed limit that may be established on such driveways or parking fields. A "driveway" is defined as:
 "Every entrance or exit used by vehicular traffic to or from lands or buildings abutting a highway" (id., § 114; Emphasis supplied.)
It is clear from the foregoing that section 1662-a pertains to the establishment of speed limits on public highways in certain towns, whereas section 1670 relates to traffic regulations on designated lands accessory to parks and like facilities abutting such highways and does not apply to public streets (id., §§ 114, 118; see also, 1963 Op Atty Gen [Inf] 145; 1970 Op Atty Gen [Inf] 133).
This distinction between a public highway and a driveway or parking field is also underscored by the history of the grant of local power now in section 1670. The original grant was by chapter 526 of the Laws of 1955. The power then covered "parking fields, driveways or public ways". It was pointed out at that time that inclusion of "public ways" might be construed to cover highways. (See April 7, 1955 letter from Francis S. McGarvey, Superintendent of New York State Troopers to Daniel Gutman, counsel to the Governor, and April 12, 1955 letter from Mortimer M. Kassell, counsel to Commissioner of Motor Vehicles to the Governor, in relation to Sen Int 2526, Pt 2695, enacted as chapter 526 of the Laws of 1955.) Section 1670, enacted in 1957 (ch 698), replaced the 1955 grant; the words "public ways" were omitted, presumably as a result of the questions raised in 1955. This distinction between driveways and highways has also been noted by the courts. See, for example, Buffalo, L. R.Ry. Co. v Hoover, 214 N.Y. 236 (1915).
Since the road with which you are concerned appears to be a highway rather than a driveway or parking field accessory to a park or municipal facility, the establishment of a speed limit on such road is governed by Vehicle and Traffic Law, § 1662-a and not § 1670. The fact that the road is a dead-end street does not preclude classification of such road as a public highway (Bakery Salvage Corporation v City ofLackawanna, 48 Misc.2d 975, 980 [Sup Ct, Erie Co, 1965] revd on other grounds 24 N.Y.2d 643 [1969]).
We conclude that a town may not establish a speed limit below twenty-five miles per hour on a town highway that bisects a town park and facility except in the immediate vicinity of schools and over bridges.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.