802 P.2d 1021

**Franklin DANO, a single man, and Paul Huebl, a married man, Plaintiffs–Appellants,**

v.

**Tom COLLINS, in his capacity as Maricopa County Attorney; and Richard G. Godbehere, in his capacity as Maricopa County Sheriff, an agency of the State of Arizona, Defendants–Appellees.**

**No. 1 CA–CV 88–420.**

Court of Appeals of Arizona, Division 1, Department B.

March 27, 1990.

Reconsideration Denied May 9, 1990.

Review Granted Jan. 15, 1991.

Review Denied April 16, 1991.

Bill Stephens & Associates, P.C. by Bill Stephens, Katherine L. Mead, Phoenix, for plaintiffs-appellants.

Richard Romley, Maricopa County Atty. by Brian Ross Hauser, Deputy County Atty., Phoenix, for defendants-appellees.

Miller and Pitt by Denneen L. Peterson, Tucson, Robert Dowlut, Washington, D.C., for amicus curiae Nat. Rifle Ass'n of America.

VOSS, Presiding Judge.

This case arises from the trial court's consideration of a declaratory judgment action which requested that A.R.S. § 13–3102(A)(1) and (2), which prohibits the carrying of concealed weapons, be declared unconstitutional as violating the Arizona Constitution art. 2, § 26. Appellees requested and were granted summary judgment. Because we find the statute constitutional, we affirm the trial court.

Article 2, § 26 of the Arizona Constitution provides:

> The right of the individual citizen to bear arms in defense of himself or the State shall not be impaired, but nothing in this section shall be construed as authorizing individuals or corporations to organize, maintain, or employ an armed body of men.

Arizona Revised Statutes, § 13–3102(A)(1) and (2) provides:

> (A) A person commits misconduct involving weapons by knowingly:
> 1. Carrying a deadly weapon except a pocket knife concealed on his person; or
> 2. Carrying a deadly weapon concealed within immediate control of any person in or on a means of transportation.

A statute is presumed to be constitutional and the party attacking the validity of a statute bears the burden of establishing that it infringes upon a constitutional guarantee or violates a constitutional principle. *New Times, Inc. v. Arizona Board of Regents,* 110 Ariz. 367, 370, 519 P.2d 169, 172 (1974). This court will not question the wisdom of legislative enactments unless they are clearly erroneous, arbitrary or wholly unwarranted. *State v. Burns,* 121 Ariz. 471, 591 P.2d 563 (App. 1979).

The police power is an attribute of state sovereignty, and, within the limitation of state and federal constitutions, the state may, in its exercise, enact laws for the promotion of public safety, health, morals, and for the public welfare. *State v. Comeau,* 233 Neb. 907, 448 N.W.2d 595 (1989); *Allen v. Girard,* 155 Ariz. 134, 745 P.2d 192 (App.1987). If it can be shown that a statute is directed at a legitimate legislative purpose and that the means by which the state seeks to achieve that purpose are reasonable, then the statute is a proper exercise of the police power. *Campbell v. Superior Court,* 106 Ariz. 542, 479 P.2d 685 (1971). However, a legitimate governmental purpose in regulating the right to bear arms cannot be pursued by means that broadly stifle the exercise of this right where the governmental purpose can be more narrowly achieved. *Comeau,* 233 Neb. at 910, 448 N.W.2d at 598.

Arizona's prohibition on the carrying of concealed weapons does not frustrate the purpose of the constitutional provision. We do not read the Arizona constitutional provision as granting an absolute right to bear arms under all situations. The right to bear arms in self-defense is not impaired by requiring individuals to carry weapons openly. Appellants

324

are free to bear exposed weapons for their defense. Furthermore, the statute has a reasonable purpose—it protects the public by preventing an individual from having on hand a deadly weapon of which the public is unaware, and which an individual may use in a sudden heat of passion. *State v. McAdams*, 714 P.2d 1236, 1238 (Wyo.1986).

The concealed weapons statute is but one of many regulations on the right to bear arms in Arizona. *See e.g., State v. Noel*, 3 Ariz.App. 313, 414 P.2d 162 (1966) (where this court held that the statute which prohibits a convicted felon from possessing a pistol was constitutional). Those states with constitutional provisions similar to ours have also recognized that the constitutional right to bear arms is not absolute. These courts have upheld the police power of the state, through its legislature, to impose reasonable regulatory controls over the state constitutional right to bear arms in order to promote the safety and welfare of its citizens. *See Second Amendment Foundation v. City of Renton*, 35 Wash. App. 583, 668 P.2d 596 (1983) (ordinance limits possession of firearms where alcoholic beverages are sold); *Carfield v. State*, 649 P.2d 865 (Wyo.1982) (statute forbids the use or possession of a firearm by one who has been convicted of or pleaded guilty to certain crimes); *Hyde v. City of Birmingham*, 392 So.2d 1226 (Ala.Cr.App. 1980) (ordinance forbids public possession of certain weapons under circumstance where natural tendency of such possession would be to provoke breach of the peace); *People v. McFadden*, 31 Mich.App. 512, 188 N.W.2d 141 (1971) (statute requires license to carry a concealed weapon); *State v. Robinson*, 217 Or. 612, 343 P.2d 886 (1959) (statute forbids a person who has been convicted of a felony from having in his possession or under his custody or control any firearm capable of being concealed upon the person); *Matthews v. State*, 237 Ind. 677, 148 N.E.2d 334 (1958) (statute requires procurement of a license to carry certain firearms except in person's abode or fixed place of business). *See also The Impact of State Constitutional Right to Bear Arms Provisions on State Gun Control Legislation*, 38 U.Chi.L.Rev. 185 (1970).

In *State v. Reid*, 1 Ala. 612 (1840) the court stated:

The constitution, in declaring that, "Every citizen has the right to bear arms in defence of himself and the State," has neither expressly or by implication, denied to the Legislature, the right to enact laws in regard to the manner in which arms shall be borne. The right guarantied to the citizen, is not to bear arms upon all occasions and in all places, but merely "in defence of himself and the State." The terms in which this provision is phrased seem to us, necessarily to leave with the Legislature the authority to adopt such regulations of police, as may be dictated by the safety of the people and the advancement of public morals.

*   *   *   *   *   *

A statute which, under the pretence of regulating, amounts to a destruction of the right, or which requires arms to be so borne as to render them wholly useless for the purpose of defence, would be clearly unconstitutional. But a law which is intended merely to promote personal security, and to put down lawless aggression and violence, and to that end inhibits the wearing of certain weapons ... does not come in collision with the constitution.

The Wyoming Supreme Court in *McAdams* also has reached a result similar to today's decision. 714 P.2d 1236. The Wyoming Constitution provides:

The right of citizens to bear arms in defense of themselves and of the State shall not be denied.

Art. 1, § 24, Wyoming Constitution. In *McAdams*, the criminal defendant, a cocktail waitress who carried a concealed knife for her protection, was charged with carrying a concealed deadly weapon. She argued that the statute that prohibits the carrying of concealed weapons violated her right to bear arms. The court disagreed. It noted, "an absolute right to bear arms, concealed or otherwise, has never been recognized, even at common law." 714 P.2d

at 1237. Recognizing that a balance must be struck between individual rights and society's need for security and order, the court concluded that banning the concealed carrying of weapons was a reasonable encroachment on personal liberty. *Id.* at 1238.

In *McAdams,* the court recognized that in practically all states, the police power has been invoked to regulate the manner in which constitutional rights are exercised. 714 P.2d at 1237. The court held that a balance must be struck between an individual's right to exercise constitutional guarantees and society's right to enact laws which will ensure public order. *Id.* The court concluded that although the concealed deadly weapon statute imposed some limitations on a person's right to bear arms in defense of himself, when balanced against the object of the statute, it was a reasonable limitation. *Id.* at 1238.

In *State v. Gohl,* 46 Wash. 408, 90 P. 259 (1907), the court, when specifically addressing the meaning of a clause identical to the clause in our constitutional provision, expressed its opinion that the legislature had the authority to legislate in the area of concealed weapons.

Furthermore, the constitutional provision inherently provides for reasonable regulations. Article 2, § 26, explicitly focuses on the right of the individual citizen to possess weapons for self-defense. In specifying the purpose of the guarantee, the language suggests that some regulation of the right would be permissible. Feldman and Abney, *The Double Security of Federalism: Protecting Individual Liberty Under the Arizona Constitution,* 20 Ariz.St.L.J. 1, 141 (1988). We also note that the Arizona Constitution art. 2, § 4, the due process clause, does not state that no person shall be deprived of life, liberty, or property, but states that no person shall be deprived thereof without due process of law. That is a recognition that natural and inherent rights are not absolute but are relative—it is a recognition of the police power. *See McAdams,* 714 P.2d at 1237.

Based on the foregoing, we conclude that the right to keep and bear arms guaranteed by the Arizona Constitution, art. 2, § 26, is not unlimited. The individual's right to keep and bear arms and the state's duty, under the police power to make reasonable regulations to protect the health, safety and welfare of its citizens, must be balanced. Few rights are absolute, and this is of necessity. In every phase of everyday experience, there are extremes beyond which some restraint or regulation is necessary for the common good.

JACOBSON and KLEINSCHMIDT, JJ., concur.