In the Matter of TILCON NEW YORK, INC., Appellant, v TOWN OF POUGHKEEPSIE et al., Respondents. [5 NYS3d 102]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Poughkeepsie dated May 20, 2009, resolving to adopt Local Law No. 11 (2009) of Town of Poughkeepsie, and action for a judgment declaring that Local Law No. 11 (2009) of Town of Poughkeepsie is preempted by state law and is unconstitutional, the petitioner/ plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated February 20, 2013, which denied its motion for summary judgment declaring that Local Law No. 11 (2009) of Town of Poughkeepsie is inconsistent with and preempted by the Vehicle and Traffic Law and is unconstitutional and granted the cross motion of the respondents/defendants for summary judgment declaring that Local Law No. 11 (2009) of Town of Poughkeepsie is not inconsistent with or preempted by the Vehicle and Traffic Law and is constitutional.

Ordered that the order is affirmed, on the law, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate amended judgment, inter alia, declaring that Local Law No. 11 (2009) of Town of Poughkeepsie is not inconsistent with or preempted by the Vehicle and Traffic Law and is constitutional.

The plaintiff/petitioner, Tilcon New York, Inc. (hereinafter Tilcon), owns and operates a quarry and asphalt plant on premises located on Sheafe Road in the Town of Poughkeepsie. Tilcon commenced this hybrid proceeding pursuant to CPLR article 78 and action seeking, inter alia, a judgment declaring that Local Law No. 11 (2009) of Town of Poughkeepsie (herein-

after Local Law 11-2009) is inconsistent with and preempted by the Vehicle and Traffic Law and is unconstitutional. Local Law 11-2009 prohibits the travel of trucks weighing in excess of five tons during certain nighttime hours on Sheafe Road between Tilcon's premises and the northerly intersection with U.S. Route 9 and specifically prohibits local deliveries from 10 p.m. to 6 a.m on the subject roadway.

After prior motion practice and the completion of discovery, Tilcon moved for summary judgment declaring that Local Law 11-2009 is inconsistent with and preempted by the Vehicle and Traffic Law and is unconstitutional. The respondents/defendants cross-moved for summary judgment declaring that Local Law 11-2009 is not inconsistent with or preempted by the Vehicle and Traffic Law and is constitutional. The Supreme Court denied the motion and granted the cross motion.

Tilcon failed to establish, prima facie, its entitlement to judgment as a matter of law. Contrary to Tilcon's contention, Local Law 11-2009 is not inconsistent with or preempted by Vehicle and Traffic Law § 1660 (a). The general power of a municipality to enact a reasonable ordinance to control the weight and size of vehicles on streets "is beyond all doubt" (*Bakery Salvage Corp. v City of Lackawanna*, 24 NY2d 643, 645 [1969]; *see White Plains Automotive Supply Co. v City of Peekskill*, 115 AD2d 728 [1985], *affd* 68 NY2d 933 [1986]; *Peconic Ave. Businessmens' Assn. v Town of Brookhaven*, 98 AD2d 772 [1983]), and has been codified by the Legislature in Vehicle and Traffic Law § 1660 (a) (28). Although Vehicle and Traffic Law § 1660 (a) (28) provides that an ordinance restricting truck traffic may not prevent local deliveries, the statute also sets forth that a town board may set limits on hours of operation of trucks. Thus, a plain reading of the statute leads to the conclusion that the power to set limits on hours of operation includes local deliveries. Accordingly, there is no conflict between Local Law 11-2009 and Vehicle and Traffic Law § 1660 (a) (28) (*see generally Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500, 505 [1991]; *Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 91 AD3d 126, 134 [2011], *affd* 20 NY3d 481 [2013]; *Matter of Chwick v Mulvey*, 81 AD3d 161, 168 [2010]).

Additionally, Local Law 11-2009 is a valid exercise of the police power pursuant to Vehicle and Traffic Law § 1660 (a). Such an ordinance, valid on its face, carries with it a strong presumption of constitutionality (*see Elmwood-Utica Houses v Buffalo Sewer Auth.*, 65 NY2d 489, 495 [1985]; *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11 [1976]; *Nicholson v*

*Incorporated Vil. of Garden City*, 112 AD3d 893, 894 [2013]; *American Ind. Paper Mills Supply Co., Inc. v County of Westchester*, 65 AD3d 1173, 1175 [2009]). In the face of the strong presumption of validity, a plaintiff has a heavy burden of demonstrating beyond a reasonable doubt that the ordinance has no substantial relationship to the public health, safety, or general welfare (*see Town of N. Hempstead v Exxon Corp.*, 53 NY2d 747, 752 [1981]; *Peconic Ave. Businessmens' Assn. v Town of Brookhaven*, 98 AD2d 772 [1983]). Here, Tilcon failed to establish, prima facie, that Local Law 11-2009 was not substantially related to the general welfare (*see Bakery Salvage Corp. v City of Lackawanna*, 24 NY2d at 645; *White Plains Automotive Supply Co. v City of Peekskill*, 115 AD2d 728 [1985]).

Tilcon's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied Tilcon's motion for summary judgment and properly granted the respondents/defendants' cross motion for summary judgment.

We note that the Supreme Court previously issued an order and judgment which, among other things, dismissed the cause of action which was pursuant to CPLR article 78 and declared that Local Law 11-2009 is not inconsistent with or preempted by the Mined Land Reclamation Law (ECL 23-2701 *et seq.*). Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of an amended judgment, inter alia, to add the appropriate declarations in accordance herewith (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Eng, P.J., Mastro, Roman and Miller, JJ., concur.