Affirmed and remanded. We do not retain jurisdiction.

RANDALL J. BYNUM, PLAINTIFF-APPELLANT, v. MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WINSLOW AND THE COUNTY OF CAMDEN, STATE OF NEW JERSEY AND JEAN DI BLASI, CLERK OF THE MUNICIPAL COURT, TOWNSHIP OF WINSLOW, COUNTY OF CAMDEN, AND STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted September 14, 1981—Decided September 25, 1981.

4

Before Judges BISCHOFF, KING and POLOW.

*E. Allen Nickerson* attorney for appellant.

*Maressa, Goldstein, Birsner & Patterson* attorneys for respondent (*David C. Patterson* on the brief).

The opinion of the court was delivered by

POLOW, J. A. D.

Plaintiff is an amateur radio operator duly licensed by the Federal Communications Commission. In a prerogative writ action the trial court rejected his attack on a municipal ordinance restricting his right to transmit. On appeal from that decision plaintiff attacks the ordinance as *ultra vires*, not within the power of municipal government and, in any event, an invalid attempt to regulate in a field entirely preempted by federal statute. We reject those arguments and affirm.

The amended ordinance under attack provides:

*Section 50–10.2 Interference by Radio Transmitter.*

It shall be unlawful for any person to transmit, continue or cause to be transmitted or continued any radio emission, signal, or transmission, which either causes or creates electrical visual or audible interference, or, by said transmission annoys, disturbs or endangers the comfort, repose, health, peace, safety or general well being of others within the limits of the Township. Examples of violations of this Ordinance, though not limited to the below, would be radio emissions, signals and transmission interference as follows:

(1) The transmission of radio signals and/or emissions causing any interference upon the visual and/or auditory operation of television in such a manner as to disturb the peace, quiet and comfort of the neighboring inhabitants;

(2) The transmission of radio signals and/or emissions causing any interference upon the visual and/or auditory operation of receiving sets, musical instruments, phonographs or other machine or device designed for the production or reproduction of sound in such a manner as to disturb the peace, quiet and comfort of the neighboring inhabitants.

Complaints were received by municipal officials from area residents charging that plaintiff's transmissions interfered with their enjoyment of television reception, stereos, and other electronic devices. After several summonses had been issued charging violation of the amended ordinance and its predecessor, plaintiff sought to prevent prosecution by way of the prerogative writ suit which is the subject of this appeal. Upon agreement by the parties that there were no factual issues in dispute, the trial judge resolved the matter as if upon cross-motions for summary judgment.

We first deal with plaintiff's contention that the ordinance unlawfully interferes with federal regulation of radio communication. He argues that the ordinance violates the Supremacy Clause of the United States Constitution. He cites sections of the Federal Communications Act of 1934 in support thereof. The sections in question provide:

For the purpose of regulating interstate and foreign commerce in communication by wire and radio so as to make available, so far as possible, to all people of the United States a rapid, efficient, Nation-wide and world-wide wire and radio communication service ... and for the purpose of securing a more effective execution of this policy by centralizing authority heretofore granted by law to several agencies and by granting additional authority with respect to interstate and foreign commerce in wire and radio communication .... [47 U.S.C. § 151]

. . . . . . . .

It is the purpose of this chapter, among other things, to maintain the control of the United States over all the channels of interstate and foreign radio transmission; and to provide for the use of such channels ... under licenses granted by Federal authority ... No person shall use or operate any apparatus for the transmission of energy or communications or signals by radio ... except under and in accordance with this chapter and with a license in that behalf granted under the provisions of this chapter. [47 U.S.C. § 301]

We find plaintiff's argument unpersuasive. Although the provisions cited have the effect of preempting local regulation

of radio transmission to the extent that the federal regulations control assignment of frequencies, licensure and content of broadcasts, *Federal Communications Comm. v. Sanders Bros. Radio Station,* 309 *U.S.* 470, 60 *S.Ct.* 693, 84 *L.Ed.* 869 (1940), there is no express or implied intent by Congress to exercise exclusive control over the actual operation of amateur radio transmission. Indeed, the Federal Communications Commission has expressly recognized this fact: "Transmission of radio communication or messages by an amateur radio station for any purpose or in connection with any activity which is contrary to federal, state or *local* law is prohibited." 47 C.F.R. § 97.116 (emphasis supplied).

Our courts have recognized that local government retains regulatory interests outside of those areas controlled by federal regulation. With regard to the refusal of a municipality to permit construction of a radio tower in a residential zone by an amateur radio operator it was observed that:

> Despite the federal regulation of radio communications, there arise problems dealing with amateur radio, often carried on in the amateur's home, which require for their proper solution thorough consideration of the particular area and surroundings. Regulation of these matters is properly left to local regulation without impairment of the national interest in the matter. [*Skinner v. Cherry Hill Tp. Bd. of Adj.,* 80 *N.J.Super.* 380, 392 (App.Div.1963)]

We also reject plaintiff's argument that the ordinance is an *ultra vires* exercise of the police power. The regulations in question are clear, specific and reasonable. They deal with abatement of noise nuisances which interfere with the use and enjoyment of property by others. Loud and unusual noises which "annoy, disturb, injure or endanger the comfort, repose, health, peace or safety of others" are banned. It is an entirely proper exercise of police power to protect the health, safety and welfare of local residents by abatement of nuisances and preservation of order. *Kirsch Holding Co. v. Manasquan,* 24 *N.J.Super.* 91 (App.Div.1952). To that end, municipalities may adopt ordinances regulating or preventing loud, disturbing and unnecessary noise detrimental to the public health and welfare. *State v. Holland,* 132 *N.J.Super.* 17, 22 (App.Div.1975). The regula-

tions in question are presumed valid, *Kozesnik v. Montgomery Tp.*, 24 *N.J.* 154, 167 (1957), and may be stricken down only if the presumption of validity is overcome by a clear showing that it is arbitrary or unreasonable. *Schmidt v. Newark Bd. of Adj.*, 9 *N.J.* 405, 416 (1952). No such showing has been made here.

Affirmed.