230 N.J. Super. 623 (1989)
554 A.2d 882
DOWNS FORD, INC., PLAINTIFF,
v.
DOVER TOWNSHIP, DEFENDANT.
Superior Court of New Jersey, Chancery Division Ocean County.
Decided January 12, 1989.
*625 David P. Loughran for plaintiff (Kushinsky, Gans & Chaplick, attorneys).
J. Mark Mutter and Francis P. Piscal for defendant.
SERPENTELLI, A.J.S.C.
In this action plaintiff seeks permanently to enjoin defendant from interfering with the operation of construction equipment on Saturdays and from prosecuting an action against it in the Municipal Court of the Township of Dover. Plaintiff is charged with a violation of section 105B-5.2(c) of the Code of the Township of Dover, which prohibits:
[o]perating or permitting the operation of any hand or power tools or equipment used in construction, drilling, or demolition work:
1. Between the hours of 9:00 p.m. and 7:00 a.m. the following day on weekdays or any time on the weekends or holidays, such that the sound therefrom creates a noise disturbance across a residential real property boundary....
A noise disturbance is defined in Section 105B-1(0) as follows:
[A]ny sound which (a) endangers or injures the safety or health of humans or animals, or (b) annoys or disturbs a reasonable person of normal sensitivities, or (c) endangers or injures personal or real property.
Plaintiff views the ordinance as an ultra vires act because it seeks to prohibit the operation of construction equipment on Saturdays and is, therefore, an illegal "blue law." Plaintiff asserts that the ordinance is not an enactment for noise control. Defendant takes the contrary position, namely, that the ordinance does not prohibit construction activity on weekends but does control the noise emanating therefrom. The court notes that the summons describes the offense as "operating heavy construction equipment on weekend Saturday." It is clear that chapter 105B does not preclude construction activities on a weekend. Therefore, the offense alleged to have been committed is not within the ambit of the ordinance. This matter could *626 be disposed of on that single finding but, given the township's position, the court expects that a new summons would be filed alleging a violation of the noise control provisions of chapter 105B. Therefore, the court will address that issue in the interest of judicial efficiency.
At the outset, certain fundamental principles should be acknowledged. First, the ordinance is presumed to be valid and the burden is on the party challenging it to overcome the presumption. Bow and Arrow Manor, Inc. v. West Orange, 63 N.J. 335 (1973). It is to be presumed that when it promulgated the ordinance the legislative body intended to act within existing constitutional restraints. State v. Profaci, 56 N.J. 346, 349 (1970). Additionally, even though the ordinance may be open to a construction which would render it unconstitutional or permit its unconstitutional application, it is the duty of the reviewing court to construe the ordinance in such a manner as to find it constitutional if it is reasonably susceptible to such a construction. Garfield Trust Company v. Director, Division of Taxation, 102 N.J. 420, 433 (1986), app. dism. 479 U.S. 925, 107 S.Ct. 390, 93 L.Ed.2d 345 (1986).
Next, it must be recognized that the ordinance is a penal enactment and prosecution for its violation is essentially criminal in nature. State v. Yaccarino, 3 N.J. 291, 295 (1949). Such ordinances must not be so vague that persons of common intelligence must guess at their meaning or differ as to their application. The test is whether the ordinance adequately alerts a person to what is forbidden. State v. New York Central R. Co., 37 N.J. Super. 42, 46-47 (App.Div. 1955); Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).
It has been acknowledged that in legislating with respect to the disturbance of the peace and in particular with respect to noise, the subject matter renders a specific and precise definition difficult to formulate. State v. Holland, 132 N.J. Super. *627 17, 23 (App.Div. 1975). Chief Justice Weintraub described the problem:
... [D]efendant says the statute is void for vagueness because it does not spell out the degree of noise or the details of a disorder which will offend. Of course, the statute does not do so in specific terms, and it may be doubted that the ingenuity of man could meet that demand if the Constitution made it. But the Constitution does not insist upon the impossible. It asks only what the subject will reasonably permit, and hence if there is a public interest in need of protection, due process does not stand in the way merely because the subject defies minute prescription. [State v. Smith, 46 N.J. 510, 518 (1966), cert. den. 385 U.S. 838, 87 S.Ct. 85, 17 L.Ed.2d 71 (1966)]
In applying these principles, a reviewing court should not give undue emphasis to the presence or absence of a single word. The ordinance should be examined in the context of the entirety of its language giving due deference to the title and its overall intent. State v. Holland, 132 N.J. Super. at 24; Baum v. Cooper, 131 N.J.L. 574, 575 (Sup.Ct. 1944); State v. New York Central R. Co., supra, 37 N.J. Super. at 48-49. As the court said in State v. New York Central R. Co.:
That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls, is not a sufficient reason to hold the language too ambiguous to define a penal offense. [citation omitted] No more than a reasonable degree of certainty can be demanded. [37 N.J. Super. at 48; citation omitted]
Finally, it must be recognized that in order to prohibit the operation of a perfectly legal business because of the noise made in conducting it, the evidence of a violation of the regulation should be clear and convincing. Benton v. Kernan, 130 N.J. Eq. 193, 198 (E. & A. 1941). As was noted in the landmark case of Citizens Coach Co. v. Camden Horse Railroad Co., 29 N.J. Eq. 299, 303 (E. & A. 1878), "[t]here is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, and which is more dangerous in a doubtful case, than the issuing of an injunction." The Benton case recognizes that in modern society noise is inseparable from the conduct of many necessary operations. Thus, the presence of noise is "`a nuisance in the popular sense in which the word is used'" but absent legislative restriction, "`noise becomes actionable only when it passes the *628 limit of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener.'" Benton v. Kernan, 130 N.J. Eq. at 198 (quoting Tortorella v. H. Traiser & Co., 284 Mass. 497, 501, 188 N.E. 254, 256 (1933)).
State v. Holland recognizes that many decisions dealing with nuisance based on noise have held that the issue is a relative one requiring the weighing of competing interests and rights. In order to constitute a nuisance or disturbance of the peace, a noise must be an unreasonable one in the circumstances or cause material annoyance. Put another way, it must be a noise which adversely affects the health or comfort of an ordinary person in the vicinity to an unreasonable degree. 132 N.J. Super. at 25-26.
If the provisions of chapter 105B of the Code of the Township of Dover are read without reference to the authorities cited above, they appear, at first blush, to provide a vague and inadequate standard. How does one know what noise endangers or injures the safety or health of humans, annoys or disturbs a reasonable person of normal sensitivities or endangers or injures personal or real property? However, when those words are read in light of the authority that has been cited above, it can be seen that the ordinance "is couched in language which not only is of common use and understanding but has the benefit of illumination by judicial use and interpretation." State v. New York Central R. Co., supra, 37 N.J. Super. at 49; see also the cases collected in State v. Holland, 132 N.J. Super. at 26. Therefore, the ordinance should be interpreted to mean that noise will become actionable only if it is unreasonable or unnecessary in the circumstances. State v. Holland at 27; Benton v. Kernan, 137 N.J. Eq. at 198. This construction of the ordinance allows defendant to regulate unnecessary noises. However, it does not permit defendant to preclude the operation of equipment on the weekend either in the guise of a noise ordinance or a blue law. Furthermore, it *629 does not permit defendant to preclude an activity which merely makes reasonable or ordinary noise.
Thus, by way of guidance, when this matter is heard by the municipal court, the burden will be on the township to establish that the noise generated by the construction equipment was unreasonable or unnecessary under the circumstances. In that connection, the municipal court judge may take into account many factors, some of which are discussed in State v. New York Central R. Co., 37 N.J. Super. at 50-51. The court does not intend to suggest a result since that can only be reached after hearing all of the available evidence. However, the court emphasizes that due deference must be given to the fact that the activity is a legal one, that it cannot be precluded in totality, that reasonable noise is a part of our daily lives and that it may be interdicted only when it passes the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener.