250 N.J. Super. 1 (1991)
593 A.2d 342
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DENNIS WAYNE POWELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 28, 1991.
Decided June 12, 1991.
*2 Before Judges COLEMAN, DREIER and LANDAU.
Herbert H. Tate, Essex County Prosecutor, attorney for appellant (Barbara A. Rosenkrans, Assistant Prosecutor, of counsel and on the brief).
Stephen Brown, attorney for respondent (Stephen Brown and Charles Coleman on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
This is an appeal by the State from an order suppressing evidence seized from the person of the defendant. We now reverse.
*3 The following facts were adduced during the suppression hearing: On September 24, 1988, at about 12:10 a.m., Officer Raymond Brown was on routine patrol on South Munn Avenue, East Orange, when he observed a car driven by defendant. His attention was drawn to the car because he could hear loud music as he followed one car length behind defendant's vehicle. Officer Brown stopped the car to issue a summons to the driver for violating East Orange's noise pollution ordinance. While Officer Brown was outside the vehicle he noticed a large bulge in defendant's pants and asked defendant if it was a weapon. Defendant gave an evasive answer. A front seat passenger fled as a backup unit arrived. Defendant was directed to exit the vehicle and Officer Brown searched defendant's pants and found a plastic bag containing cocaine.
Defendant was charged with third-degree possession of cocaine, contrary to N.J.S.A. 2C:35-10a(1) (Count One); and third-degree possession of cocaine with intent to distribute, contrary to N.J.S.A. 2C:35-5b(3) (Count Two).
After reviewing East Orange's noise pollution ordinance, the trial court ruled that the ordinance was void-for-vagueness and therefore held the fruits of any search subsequent to the stop tainted. The judge held that because Officer Brown discovered the contraband during a search after a stop to enforce an unconstitutional ordinance, the evidence seized subsequent to the stop should be suppressed. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).[1]
At the time of defendant's arrest, the controlling ordinance read in relevant part:
§ 184-1. Unnecessary Noise Unlawful.

*4 It shall be unlawful for any person to make, continue, suffer, permit, allow or cause to be made or continued, upon any premises or in any vehicle owned, occupied or controlled by him or upon any public street, thoroughfare or parking lot, or in any public park, playground, gathering place or means of public transportation, any excessiveness, unnecessary or unusually loud noise which either annoys, injures, disturbs or endangers the comfort, health, repose, peace or safety of others within the City or which are so harsh, prolonged or unusual in their use, time and place as to annoy, disturb or endanger the comfort, health, repose, peace or safety of others in the City. Loud, disturbing, injurious, unnecessary and unlawful noises in violation of this section include but are not limited to the following enumerated acts:
A. The playing or permitting the playing of any radio, tape recorder, phonograph, portable television set, amplified or unamplified musical instrument or other electronic sound-producing device by any person while inside any theater, retail store, bank, public building, public modes of transportation, indoor or outdoor public sports area, or other outdoor public area, without the use of earphones in such a manner or with such volume as to unreasonably annoy or disturb the quiet, comfort or peace of the public.
No earphones or use of other personal listening device shall be used or permitted while crossing the street or temporarily on a roadway, but the electronic device shall not be in such a manner or volume as to unreasonably annoy or disturb the quiet, comfort, peace or repose of persons in public places at any time.[2]
The trial court reasoned that because no officer or defendant would be able to tell whether music was being played within the permissible range, the ordinance was facially impermissibly vague. The State argues, and we agree, that the ordinance in question does not violate the constitutional prohibition against vagueness.
A statute or ordinance which fails to provide adequate notice of its scope and sufficient guidance for proper application cannot withstand the constitutional ban against vague laws. Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115 (1972). Clarity in the ordinance involved here is an essential due process requirement grounded in notions of fair play. State v. Lashinsky, 81 N.J. 1, *5 17, 404 A.2d 1121 (1979); see also State v. Lee, 96 N.J. 156, 475 A.2d 31 (1984). To withstand the constitutional prohibition against vagueness, the terms of an ordinance must enable persons of "common intelligence, in light of ordinary experience" to understand whether contemplated conduct is lawful. State v. Lashinsky, supra, 81 N.J. at 18, 404 A.2d 1121. Therefore, "the constitutional ban on vague laws is intended to invalidate regulatory enactments that fail to provide adequate notice of their scope and sufficient guidance for their application." State v. Cameron, 100 N.J. 586, 591, 498 A.2d 1217 (1985) (citation omitted).
An ordinance that is challenged facially may be voided if it is "impermissibly vague in all its applications," meaning there is no conduct that it proscribes with sufficient certainty. State v. Cameron, supra, 100 N.J. at 593, 498 A.2d 1217. On the other hand, a challenge to an ordinance as applied to a particular set of facts, may be successful, "if the law does not with sufficient clarity prohibit the conduct against which it is sought to be enforced.... A party may test a law for vagueness as applied only with respect to his or her particular conduct." Ibid. Here defendant contended, and the judge concluded, that the ordinance involved was facially invalid.
Application of the foregoing principles persuades us to hold that the ordinance involved was specific enough to pass constitutional muster under the void-for-vagueness test. Significantly, we have rejected facial challenges to similar noise pollution ordinances in the past where the noise constituted a common-law nuisance. See State v. Holland, 132 N.J. Super. 17, 331 A.2d 626 (App.Div. 1975); State v. New York Central Railroad Co., 37 N.J. Super. 42, 116 A.2d 800 (App.Div. 1955).
In State v. New York Central R. Co., supra, the defendant railroad company was convicted of violating a Dumont noise ordinance which read in relevant part: "Whatever loud and unnecessary noise which disturbs the public peace ... between the hours of eleven o'clock p.m. and seven o'clock a.m. *6 is hereby declared a nuisance and is prohibited." 37 N.J. Super. at 45, 116 A.2d 800. The cause of the loud and unnecessary noise was the defendant's idling train engines during the night. Ibid. There, we recognized that "the concept of disturbance of the peace is familiar in the regulation field" and aids in the interpretation of the ordinance. Id. at 47, 116 A.2d 800. We also found persuasive the fact that when an ordinance has a counterpart in common law nuisance, the common law construction of the offensive conduct is sufficient to withstand any challenge based on unconstitutional vagueness. Id. at 48, 116 A.2d 800. Thus when the controlling elements of the ordinance are couched in terms of ordinary parlance, given preexisting judicial authority, the provision will fairly apprise the public of what it proscribes. Id. at 49, 116 A.2d 800.
Similarly, in State v. Holland, supra, the defendant was found guilty of violating a noise pollution ordinance which read in relevant part:
(a) The making, creation or permitting of any unreasonably loud, disturbing or unnecessary noise in the Village is hereby prohibited.
(b) The making, creating or permitting of any noise of such character, intensity or duration as to be detrimental to the life, health or welfare of any individual or which either steadily or intermittently annoys, disturbs, injures or endangers the comfort, repose, peace of safety of any individual is hereby prohibited.
On his de novo appeal, the provision was held unconstitutionally vague. Id. 132 N.J. Super. at 22, 331 A.2d 626. In reversing, we stated that the regulation of noise is a "subject matter [which] renders specific and precise definitions of prohibited conduct difficult to formulate." Id. at 23, 331 A.2d 626. We reasoned that the challenged ordinance intended to prohibit noises which would disturb the peace and would constitute common law nuisance. Id. at 25, 331 A.2d 626. We further noted that:
From the beginning our cases dealing with nuisances based upon noise have held that the matter is a relative one, requiring the weighing of the competing interests and rights of the parties in each case, and that to constitute a nuisance and a disturbance of the peace a noise must be an unreasonable one in the circumstances or cause material annoyance. The leading case, and the one *7 most often cited, is Benton v. Kernan, 130 N.J. Eq. 193 [21 A.2d 755] (E. & A. 1941) which laid down the test that "A noise may constitute an actionable nuisance ... but it must be a noise which affects injuriously the health or comfort of ordinary people in the vicinity to an unreasonable extent", and it "... becomes actionable only when it passes the limits of reasonable adjustment to the conditions of the locality and of the needs of the maker to the needs of the listener." [State v. Holland, supra, 132 N.J. Super. at 25-26, 331 A.2d 626].
Where, as here, the challenged provision "fairly apprises the public and the defendant of what it proscribe[d]" it is not void-for-vagueness. Id. at 28, 331 A.2d 626; see also Downs Ford, Inc. v. Dover Tp., 230 N.J. Super. 623, 554 A.2d 882 (Chan.Div. 1989); Bynum v. Mayor and Tp. Committee of Winslow Tp., 181 N.J. Super. 2, 6-7, 436 A.2d 532 (App.Div. 1981), certif. denied 89 N.J. 440, 446 A.2d 162 (1982).
We find persuasive the fact that the noise ordinance involved in the present case was drafted in language similar to the ordinance in Holland. Read in the light of the purpose of the ordinance, we conclude that the East Orange noise pollution ordinance proscribes those noises which are injurious to the public peace, health or comfort of ordinary people in the vicinity to an unreasonable extent which also exceeds the needs of the listener. Holland, supra, 132 N.J. Super. at 25-26, 331 A.2d 626. Indeed, the ordinance specifically requires the music to be played "in such a manner or with such volume as to unreasonably annoy or disturb the quiet, comfort or peace of the public." That standard fairly apprised the public what conduct is proscribed.
The order suppressing the evidence is reversed and the matter is remanded to the Law Division for disposition of the indictment.
Reversed and remanded.
NOTES
[1] Because we find the ordinance is constitutional, we do not reach the issue whether a stop to enforce a statute or ordinance which is invalidated subsequent to the stop requires suppression of evidence seized. Michigan v. DeFillippo, 443 U.S. 31, 38-40, 99 S.Ct. 2627, 2632-2634, 61 L.Ed.2d 343, 350-51 (1979) and State v. Cross, 164 N.J. Super. 368, 374, 396 A.2d 604 (App.Div. 1978) suggest that the evidence should not be suppressed.
[2] The record suggests that the prosecutor placed before the Court a version of § 184-1 which was adopted after defendant was stopped by Officer Brown. We have quoted from the ordinance in effect on the date defendant was stopped.