697 A.2d 947

STATE OF NEW JERSEY (TOWNSHIP OF WASHINGTON), PLAIN-
TIFF–RESPONDENT, v. MARVIN J. FRIEDMAN AND MARSHA
FRIEDMAN, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1997—Decided March 7, 1997.

Before Judges PETRELLA and WALLACE.

*Stephen H. Roth* argued the cause for appellants.

*Kenneth G. Poller* argued the cause for respondent Township of Washington.

PER CURIAM

Defendants Marvin J. Friedman and his wife Marsha Friedman appeal from their convictions after a trial *de novo* in the Law Division of violations of Washington Township's anti-noise ordinance on eight separate occasions when their dog's barking awakened their neighbor between the hours of 6:12 and 6:44 a.m. The Law Division Judge imposed the same $40 fine for each violation, totaling $320, as had the Municipal Court.

On appeal, the Friedmans make the following arguments:

I. As it was applied to these defendants, Washington Township's Anti–Noise Ordinance is unconstitutionally subjective and vague.

A. Other States have held identical subjective anti-noise ordinances to be unconstitutional.

II. The municipal judge's evidentiary rulings were plainly erroneous because they were based on an unconstitutionally subjective and vague construction of the ordinance.

Washington Township issued eight separate summonses to the Friedmans for violation of Washington Township Ordinance 147-2(E) based upon complaints by their neighbor Naomi Theisz, that the defendants' dog, a Collie named Whitney, repeatedly woke her up in the early morning hours. The case was initially tried in the Woodcliff Lake Municipal Court on July 20, 1995, because of the recusal of the Washington Township Municipal Court Judge. After hearing the testimony of the complainant, Theisz, and the defendants, the Municipal Court Judge found defendants guilty on all eight summonses.

Defendants appealed to the Law Division and moved to dismiss the Washington Township summonses on the ground that the Township's anti-noise ordinance was unconstitutional. The Law Division determined that the ordinance was constitutional and that although the barking complained of was very brief in duration, it occurred with sufficient frequency to sustain a conviction under the ordinance. We conclude that although Theisz's testimony was sufficient to establish the times when the Friedmans' dog barked, her testimony did not establish that its barking constituted an unreasonable noise as required by New Jersey law and reverse.

Theisz testified that she and her husband sleep with the windows open whenever the weather permits, and that it is when the window is open that they hear the Friedmans' dog barking. Theisz claimed that the dog became very excited when defendants let her out in the morning and that she could hear it barking in the house before being let outside and then while it was exiting the home. Theisz claimed that the barking was very brief, but very loud; loud enough to wake her and her husband.

Theisz testified that the dog woke her and her husband on each of the eight occasions for which a summons was issued between the hours of 6:12 a.m. and 6:44 a.m. She said that she normally

gets up in the morning at 7:00 a.m. Theisz also said she had written letters to the Friedmans explaining the problem, but they did not respond. The parties have been to court regarding this matter on two previous occasions. According to Theisz, she has been awakened by the dog since she filed the last complaint in June of 1995. Theisz claimed that the dog's barking annoyed her and disturbed her comfort, repose, and peace.

During cross-examination of Theisz, defendants attempted to question her about her efforts to solicit other neighbors to complain about the dog, apparently in an effort to show that Theisz was the only neighbor complaining. The Municipal Court Judge prohibited this line of questioning on the ground that it was irrelevant. During cross-examination Theisz stated that the barking only lasted a couple of seconds, but was enough to awaken her. The Municipal Court Judge also restricted defendants' efforts to question Theisz regarding her husband's hearing.

Mrs. Friedman testified that she and her husband had followed the same routine with their dog for the last eight and half years, taking the dog out every morning before they go to work. She also noted that they made a good faith agreement with Mrs. Theisz following neighborhood mediation, agreeing that they would attempt to keep the dog quiet in the mornings when they let her out. Mrs. Friedman testified that the only time there is a problem is when the Theiszes open their windows. Mrs. Friedman also said that her family has a history of conflicts with the Theisz family and that Mrs. Theisz has antagonized the Friedmans several times regarding various matters.

During cross-examination Mrs. Friedman testified that their dog weighed forty-nine pounds and did not bark outside the house, but did bark in the house before being let out, stopping as she goes through the door.

Mr. Friedman also testified that their dog does not bark once she is outside. Mr. Friedman testified that their dog no longer goes outside in the mornings because he only brought it out early in the morning when his other dog was still alive, but that dog has

since passed away. The Municipal Court Judge elicited from Mrs. Friedman that the dog was not taken out until after 7:00 a.m. on some of the dates Mrs. Theisz alleges she was awakened, although she did not specify on which dates. Finally, the Municipal Court Judge excluded letters from the Friedmans' other neighbors, presumably stating that the dog was not an annoyance to them.

Section 147–1 of the Washington Township Code states:

It shall be unlawful for any person to make, continue or cause to be made or continued any loud, unnecessary or unusual noise or any noise which either annoys, disturbs, injures or endangers the comfort repose, health, peace or safety of others within the limits of the Township of Washington.

Section 147–2, in relevant part, provides:

The following acts, among others, are declared to be loud, disturbing and unnecessary noises in violation of this chapter, but said enumeration shall not be deemed to be exclusive:

* * *

E. Animals, birds, etc. The keeping of any animal or bird which by causing frequent or long-continued noise shall disturb the comfort or repose of any person in the vicinity.

The Friedmans argue, as they did in the Law Division, that Washington Township's anti-noise ordinance is vague and provides a completely subjective standard for determining what constitutes a disturbing noise. Essentially, they contend that *State v. Holland*, 132 *N.J.Super.* 17, 25–27, 331 *A.*2d 626 (App.Div.1975), requires courts to utilize a standard of objective reasonableness when determining what type of conduct violates the anti-noise ordinance and that the Law Division, as did the Municipal Court Judge, applied a subjective "any person" standard. They thus contend that the ordinance is vague on its face and may only be constitutionally applied when interpreted to require that a defendant act unreasonably for there to be a violation of the ordinance. Defendants also argue that other jurisdictions have held similar ordinances unconstitutional for the very same reasons, quoting at length several cases holding that anti-noise ordinances which utilize a subjective "any person" standard are unconstitutionally vague.

6

A statute or ordinance is void for vagueness where it " 'forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " *State v. Smith*, 46 *N.J.* 510, 518, 218 *A.*2d 147 (quoting *Connally v. General Construction Co.*, 269 *U.S.* 385, 391, 46 *S.Ct.* 126, 127, 70 *L.Ed.* 322, 328 (1926)), *certif. denied*, 385 *U.S.* 838, 87 *S.Ct.* 85, 17 *L.Ed.*2d 71 (1966). An ordinance is vague in its application, as opposed to being vague on its face, "if the law does not with sufficient clarity prohibit the conduct against which it is sought to be enforced." *State v. Cameron*, 100 *N.J.* 586, 593, 498 *A.*2d 1217 (1985) (citing *Palmer v. City of Euclid*, 402 *U.S.* 544, 91 *S.Ct.* 1563, 29 *L.Ed.*2d 98 (1971)). An ordinance may be unconstitutionally vague as applied to a particular defendant while it still "might be validly imposed against others not similarly situated." *Id.; see also Coates v. Cincinnati*, 402 *U.S.* 611, 614, 91 *S.Ct.* 1686, 1688, 29 *L.Ed.*2d 214, 217–18 (1971).

We have noted, given the nature of the subject matter, that formulating a specific and precise ordinance regulating noise and disturbances of the peace is a difficult task. *State v. Holland, supra* (132 *N.J.Super.* at 23, 331 *A.*2d 626); *see also State v. Smith, supra* (46 *N.J.* at 518, 218 *A.*2d 147) ("[T]he Constitution does not insist upon the impossible. It asks only what the subject will reasonably permit, due process does not stand in the way merely because the subject defies minute prescription."). Noting that the State has authorized municipalities to regulate "loud, disturbing, and unnecessary noises," *N.J.S.A.* 40:48–1, –2, we have also held that an ordinance regulating such conduct may utilize general language so long as it notifies the public of the conduct it proscribes. *State v. Powell*, 250 *N.J.Super.* 1, 7, 593 *A.*2d 342 (App.Div.1991) (quoting *State v. Holland, supra*, 132 *N.J.Super.* at 25–26, 331 *A.*2D 626).

■ Accordingly, an ordinance proscribing conduct which causes loud, disturbing noise is violated when the conduct to which the ordinance is to be applied constitutes a nuisance. *State v. Holland, supra*, 132 *N.J.Super.* at 25–26, 331 *A.*2d 626 (quoting

*Benton v. Kernan,* 130 *N.J.Eq.* 193, 198, 21 *A.*2d 755 (N.J.Err. & App. 1941)); *Downs Ford, Inc. v. Dover Township,* 230 *N.J.Super.* 623, 628, 554 *A.*2d 882 (Ch.Div.1989).

> From the beginning our cases dealing with nuisances based upon noise have held that the matter is a relative one, requiring the weighing of the competing interests and rights of the parties in each case, and that to constitute a nuisance and a disturbance of the peace a noise must be an *unreasonable* one in the circumstances or causes *material* annoyance.
>
> [*State v. Holland, supra,* 132 *N.J.Super.* at 25, 331 *A.*2d 626 ].

Thus, "[such an] ordinance should be interpreted to mean that noise will become actionable only if it is unreasonable or unnecessary in the circumstances." *Downs Ford, Inc. v. Dover Township, supra,* 230 *N.J.Super.* at 628, 554 *A.*2d 882 (citations omitted); *see also State v. Powell, supra,* 250 *N.J.Super.* at 7, 593 *A.*2d 342 ("[W]e conclude that the East Orange noise pollution ordinance proscribes those noises which are injurious to the public peace, health or comfort of ordinary people in the vicinity to an unreasonable extent which also exceeds the needs of the listener." (citation omitted)); *State v. Holland, supra,* 132 *N.J.Super.* at 25, 331 *A.*2d 626 ("The Judge below ... should have held ... that [the ordinance] prohibits unreasonable or unnecessary noises.").

■ Neither the Law Division Judge nor the Municipal Court Judge considered the reasonableness of the Friedmans' conduct in determining whether their dog's barking violated the anti-noise ordinance. A purely subjective standard of behavior was utilized to determine whether the dog's barking constituted a disturbance of the peace; such a standard is unconstitutionally vague. *Coates v. Cincinnati, supra,* 402 *U.S.* at 614, 91 *S.Ct.* at 1686, 29 *L.Ed.*2d at 217–18. Hence, section 147–2(E) of the Washington Township Code is defective because it proscribes noise which disturbs "the comfort or repose of *any person* in the vicinity." Such a standard does not provide any guidance as to what constitutes a violation of the statute, leaving the determination as to whether a violation has occurred "to any person who feels a dog's frequent or habitual barking is annoying or disturbing." *City of Spokane v. Fischer,* 110 *Wash.*2d 541, 754 *P.*2d 1241, 1242–43 (1988). Although the ordinance does provide a relatively detailed list of conduct which

violates its proscription, its articulation of the standard of conduct as it applies to animals is extremely vague.

■ Despite the ordinance's vagueness, under our law the ordinance is not facially unconstitutional. As numerous decisions regarding such ordinances make clear, such general language is permissible so long as courts utilize a reasonableness standard when applying it. *See State v. Powell, supra,* 250 *N.J.Super.* at 7, 593 *A.*2d 342; *State v. Holland, supra,* 132 *N.J.Super.* at 25, 331 *A.*2d 626. Hence, the Law Division's failure to consider the reasonableness of the Friedmans' conduct in determining whether the ordinance was violated makes the application of the ordinance in this case unconstitutional as to them.

Theisz's testimony simply does not establish that the Friedmans' conduct was unreasonable under the circumstances, and certainly not beyond a reasonable doubt. According to Theisz's complaint, she and her husband were awakened by the dog's barking which occurred inside the Friedmans' home before the dog was let outside, and then as the dog exited the house. Moreover, Theisz testified that the barking lasted at most a few seconds. She also stated that she only heard the barking when her bedroom window was open, and that her window did not face the Friedmans' home or the area where the dog was being let out. There was even testimony that on certain dates the dog was not let out at the times alleged by Theisz. Finally, Theisz asserted that she normally does not arise until 7:00 a.m. and the alleged disturbance (presumably exclusive of any other early morning noises) caused her to awaken twenty to forty minutes early on eight separate mornings over a period of two and half months up to the date of her last filed complaint.

Thus, even if Theisz did hear the Friedmans' dog barking and was awakened by it, this alone does not mean the dog's barking was an unreasonable noise. We are aware that the Friedmans attempted to show that Theisz's accusations were unreasonable, while their conduct was reasonable, but they were precluded from

doing so.[1] Although the judge may well have erred in this ruling since the evidence was relevant concerning questions of motive, intent, and bias, we need not decide the issue in view of our ruling.[2]

Hence, the Law Division erred by relying exclusively on the testimony of Theisz when determining that the Friedmans' conduct was unreasonable and violated the Washington Township ordinance. Their conduct simply did not create or allow an unreasonable noise. *See Town of Nutley v. Forney,* 116 *N.J.Super.* 567, 570, 283 *A.*2d 142 (App.Div.1971) ("A dog is not a nuisance *per se....* But it has also been of the essence of civilized society, where many individuals live as neighbors, for each to exercise his rights with due regard to the rights of all—*sic utere tuo ut alienum non laedas.*" (citations omitted)). Barking is "a natural canine act" and the ordinance, as applied in this case, does not provide a sufficient basis for concluding that the kind of barking that occurred here is prohibited. *City of Spokane v. Fischer, supra,* 754 *P.*2d at 1242–43; *see also City of Edina v.*

---

[1] Defendants testified that Theisz was constantly harassing them and complaining about something or another. Theisz also conceded that there is another neighbor closer to the Friedmans' home and the area where the dog is let out in the morning. Theisz also stated during cross-examination that there are two other dogs in homes adjacent to the Friedmans' property. Despite this, the Municipal Court Judge precluded the Friedmans from presenting evidence regarding the lack of complaints from any of the defendants' other neighbors or to determine whether defendants' conduct was unreasonable under the circumstances.

[2] Defendants probably should have been permitted to cross-examine Theisz regarding her efforts to solicit additional complaints from other neighbors. Such testimony would be relevant to determine whether defendants' conduct constituted an "unreasonable noise." *State v. Holland, supra,* 132 *N.J.Super.* at 25–26, 331 *A.*2d 626. If Theisz was the only neighbor who was awakened by Whitney's barking, it is unlikely that defendants' conduct could be construed as creating an unreasonable noise or a public nuisance. The judge's ruling is also illustrative of the problem created by the ordinance itself. Indeed, if the legal standard for determining the defendants' guilt was whether "any person" was disturbed, as the ordinance reads, than what others perceived is in fact irrelevant. Such an application of the ordinance, however, is unconstitutional.

*Dreher,* 454 *N.W.*2d 621 623–24 (Minn.App.1990) (adopting the court's holding in *City of Spokane v. Fischer, supra* ). Certainly the township has authority to prohibit barking that constitutes a public nuisance. To the extent Section 147–2(E) does so, it is constitutional and may be applied, as written, to prohibit such conduct. This ordinance, however, cannot proscribe reasonable noises associated with common, acceptable behavior. Such an application would deprive defendants of due process. *Coates v. Cincinnati, supra,* 402 *U.S.* at 614, 91 *S.Ct.* at 1688, 29 *L.Ed.*2d at 217–218.

In light of our ruling we need not address the other issues raised by appellants.

Reversed.