514 P.2d 443

STATE of Arizona, Plaintiff,

v.

SANNER CONTRACTING CO., Defendant.

No. 2645.

Supreme Court of Arizona,
En Banc.
Sept. 21, 1973.

Moise Berger, Maricopa County Atty. by Douglas G. Zimmerman, Deputy County Atty., Phoenix, for plaintiff.

Evans & Kunz, Ltd. by William G. Stinson, Phoenix, for defendant.

HAYS, Chief Justice.

This proceeding was brought before this court on a question of law certified by the Superior Court of Maricopa County pursuant to Rule 346 of the Rules of Criminal Procedure, 17 A.R.S.

On September 15, 1972, an information was filed against defendant for the crime of air pollution, a misdemeanor. The information accused Sanner Contracting Company of using and altering an open area without taking reasonable precautions to prevent particular matter (dust) from becoming airborne or windborne, all in violation of Rule 31(A) of the Maricopa County Air Pollution Regulations and A.R.S. § 36-789.01 as amended in 1971, and A.R.S. § 36-782 as amended in 1970.

Defendant entered a plea of not guilty and filed a motion to quash on the ground that Regulation 2, Rule 31(A), of the Maricopa County Air Pollution Regulations, is unconstitutionally indefinite and, therefore, contrary to the due process and equal protection clauses of the United States Constitution and the Arizona Constitution. The rule in question reads as follows:

Rule 31. Emissions of Particulate Matter.

A. No building or its appurtenances, a utility or open area, may be used, constructed, repaired, altered, or demolished without taking *all reasonable precautions* to prevent particulate matter from becoming windborne or airborne. Dust and other types of particulates shall be kept to a *minimum* by such measures as wetting down, covering, landscaping, paving, treating or by other *effective means*. (Emphasis added).

The Superior Court found that the motion to quash raised a question of law which was sufficiently important and doubtful to require a decision of this court. On the stipulation of the State and with the consent of the defendant, the following question was certified:

Whether Regulation 2, Rule 31(A) of the Maricopa County Air Pollution Regulations, as adopted August 12, 1971, is unconstitutionally indefinite, uncertain and vague, or is otherwise contrary to the Constitution of the United States, Amendment 14, and the Constitution of the State of Arizona, Article II, Sections 4 and 13?

The defendant, Sanner Construction Company, is a paving contractor which was operating heavy earth-moving equip-

ment to complete the subgrade work necessary for the performance of its paving contract in the vicinity of 43rd Avenue and Desert Cove in Phoenix. On March 15, 1972, a field investigator from the Maricopa County Health Department, Bureau of Air Pollution Control, personally visited the site in question and, based on his visual observation, concluded that the defendant was in violation of Regulation 2, Rule 31(A), of the Maricopa County Air Pollution Regulations.

The defendant contends that the language of Rule 31(A) is so indefinite and uncertain that it fails to fairly apprise an individual what would or would not constitute "all reasonable precautions" or "effective means." Defendant further asserts that the indefiniteness of the language renders it nearly impossible to determine in advance what course of action would or would not constitute a crime. Finally, defendant claims that the standard "all reasonable precautions" is of such an illusory nature that, when coupled with the total lack of qualitative and quantitative dust-control guidelines, the statute is unconstitutionally vague on its face, or in any event, is unconstitutional as applied.

■■■ In answer to defendant's allegations, we first look to general constitutional law guidelines: (1) there is a presumption in favor of the constitutional validity of a legislative enactment. State v. Krug, 96 Ariz. 225, 393 P.2d 916 (1964); (2) the burden rests on the one challenging the validity of a statute to establish that it infringes upon a constitutional guarantee or violates some constitutional principle. *Krug, supra;* and, (3) as a measure whose clear purpose is the protection of the public health and wefare Rule 31(A) is entitled to a liberal construction for the accomplishment of its beneficent objective. Dept. of Health v. Owens-Corning Fiberglass, 100 N.J.Super. 366, 381–382, 242 A. 2d 21, 29 (1968).

Next, we look to the more specific rules of interpretation which guide courts in the void-for-vagueness area.

■■■ The central consideration in void-for-vagueness cases is that a statute or ordinance which creates a crime must be subject to being understood by persons of common intelligence. *See* State v. Cole, 18 Ariz.App. 237, 501 P.2d 413 (1972). This standard does not mean that to be constitutionally valid, ordinances need be written with mathematical precision. Smith v. Peterson, 131 Cal.App.2d 241, 280 P.2d 522 (1955). In Smith v. Peterson, the California court upheld a statute which made it unlawful to operate a motor vehicle with a muffler which did not prevent "excessive or unusual noise." In State v. Cole, *supra,* the Arizona Court of Appeals upheld Section 8–2 of the Phoenix City Code which provided that "No person shall keep a dog within the city limits which is in the *habit* of barking or howling or disturbing the peace and quiet of any person within the City." (1962) (emphasis added). In upholding the barking-dog ordinance, the Court of Appeals noted what this court considers to be a key factor in the instant case, the legislative body's difficulty in expressing particular concepts.

■■■ A reading of the first sentence of the dust-pollution ordinance alone, would perhaps leave the reader uncertain how to change his conduct to avoid being subject to its penalties. However, coupled with the "all reasonable precautions" language, is a sentence setting out what we read to be various bases for defense. Rather than broadening the scope of prosecution, the suggested means of reducing dust pollution simply give guidance to the alleged violator how he can avoid prosecution. By allowing the defendant to show the suggested means or "other effective means" of reducing dust pollution, the ordinance allows the defendant to defend by showing that methods, other than those specifically delineated, constitute taking "reasonable precautions." We note that although the words, "all reasonable precautions," "minimum" and "effective means" are vague and imprecise, that "[w]here the evil sought to be prevented is apparent, a reasonable construction of the language em-

ployed is justified, and uncertainty can frequently be removed by resort to the context, instead of attempting to construe the words by themselves." State v. Lebow, 128 Kan. 715, 719–720, 280 P. 773, 776 (1929). This common-sense rule of statutory construction has clearly been adopted by Arizona, State v. Berry, 101 Ariz. 310, 419 P.2d 337 (1966). If one reads the above words in the context of the ordinance, rather than trying to analyze each word in its isolated form, the standards may reasonably be ascertained.

■ Considering the ordinance as a whole, we can find no constitutional infirmity in Section 31(A).

Remanded for further proceedings.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.