519 P.2d 71

**STATE of Arizona ex rel. Herbert E. WIL-LIAMS, Tucson City Attorney, Appellant,**

v.

**CITY COURT OF TUCSON, Pima County, Arizona, William Druke, magistrate thereof, and Ralph Santa Cruz, Appellees.**

**No. 2 CA–CIV 1512.**

Court of Appeals of Arizona,

Division 2.

Feb. 28, 1974.

Rehearing Denied March 26, 1974.
Review Denied April 16, 1974.

James Webb, City Atty., Herbert E. Williams, Former City Atty., William E. Hildebrandt, Asst. City Atty., Tucson, for appellant.

James L. Robinson, Jr., Tucson, for appellees.

## OPINION

HATHAWAY, Chief Judge.

Ralph Santa Cruz was charged in Tucson City Court with carrying a concealed weapon, to-wit a switch blade knife, in violation of A.R.S. § 13–911. When the prosecution established that the weapon was a switch blade knife, the magistrate granted a motion to dismiss the complaint on the ground that A.R.S. § 13–911 is unconstitutionally vague. A.R.S. § 13–911, as amended, provides:

"Concealed weapons; definition; punishment; arrest; exceptions

A. 'Weapon' as used in this article means anything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses which it may have. The term 'weapon' includes a firearm which is not loaded or lacks a clip or other component to render it immediately operable, and components which can readily be assembled into a weapon.

\*   \*   \*   \*   \*   \*

C. A person, except a peace officer in actual service and discharge of his duty, who has concealed on or about his person a weapon is guilty of a misdemeanor punishable by a fine of not less than one hundred nor more than three hundred dollars or by imprisonment in the county jail for not more than six months or both."

The court found that since the only object which the statute specifically included within the statutory definition of "weapon" is a firearm and since the prosecution had failed to establish that the defendant had a firearm concealed on or about his person at the time in question, dismissal was required. The city then sought review in superior court by way of special action of the magistrate's ruling. The superior court agreed with the magistrate's determination and affirmed the ruling. This appeal followed.

To be unconstitutional for vagueness, a criminal statute must be so vague as to fail to give men of common intelligence notice of what conduct on their part will render them subject to its penalties. State v. Starsky, 106 Ariz. 329, 475 P.2d 943 (1970); State v. Cole, 18 Ariz.App. 237, 501 P.2d 413 (1972). However, in determining the degree of certainty required by due process, we must take into consideration the legislative body's difficulty in expressing particular concepts. Barbone v. Sup.Ct., 11 Ariz.App. 152, 462 P.2d 845 (1969). The degree of exactness which inheres in a mathematical theorem is not required of statutory language for purposes of withstanding a "vagueness" attack. Barbone, supra. We are of the opinion that the definition of "weapon" in A.R.S. § 13–911(A), supra, is not unconstitutionally vague as being beyond the comprehension and understanding of a person of common intelligence.

Prior to its amendment in 1970, A.R.S. § 13–911 contained a legislative enumeration of specific objects the carrying of which in a concealed fashion was proscribed. As pointed out in State v. Mace, 86 Ariz. 85, 340 P.2d 994 (1959), an innocent object can become a deadly weapon by its use. The term "weapon" itself indicates that it is for offense or defense of a person, i. e., that it is designed to be used in destroying, defeating, or injuring an enemy, such as a gun or sword. Other objects such as a razor, a baseball bat, or a mechanical tool have well-known and specified uses to which they are ordinarily applied and are not known or usually sold in the market as

**320**

weapons. These items, however, can become deadly weapons by the use made thereof.

It is readily apparent that the legislature intended by its definition of "weapon" to include any instrumentality either whose well-known use is as a weapon or whose well-known use is for another purpose but which if used other than in such manner, could inflict serious bodily harm.

A weapon is lethal or not according to its capability to produce death or great bodily harm in the manner in which it is used. 94 C.J.S. Weapons § 1. The word "lethal" means deadly, mortal or fatal. Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 159 S.W.2d 690 (1942). A person of ordinary intelligence can surely understand the meaning of "readily capable of lethal use". Nor is the term "possessed under circumstances not manifestly appropriate for lawful uses which it may have" beyond the ken of common intelligence. For example, a baseball bat has a well-known purpose. When wielded with force against the body of another it can inflict mortal harm. If an individual were carrying a baseball bat under his coat while hiding in the bushes outside of someone's home in the dead of night, a logical inference would be that the baseball bat was "possessed under circumstances not manifestly appropriate for lawful uses which it may have." The latter term was clearly intended by the legislature to protect individuals who, though carrying something such as a razor which is readily capable of lethal use from being accused of carrying a concealed weapon. We believe that A.R.S. § 13–911 does not fail to give notice to a potential offender. Furthermore, it does not place "unfettered discretion" in the hands of police officers as denounced by the U. S. Supreme Court in Papachristou .v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

The lower court erred in upholding the magistrate's ruling on the constitutionality of A.R.S. § 13–911, as amended. The order is reversed and the cause remanded with directions to enter an appropriate order not inconsistent herewith.

KRUCKER and HOWARD, JJ., concur.