[No. 54574-0.   En Banc.   May 26, 1988.]

THE CITY OF SPOKANE, *Petitioner*, v. DON FISCHER, *Respondent.*

*James C. Sloane, City Attorney,* and *Stanley M. Schwartz, Assistant,* for petitioner.

*Sara B. Derr,* for respondent.

DOLLIVER, J.—Don Fischer was convicted in Spokane Municipal Court, on March 11, 1986, of violating Spokane Municipal Code (SMC) 10.03.030. This ordinance, which has been in effect for approximately 40 years, states:

> No owner of a dog or owner or occupant of premises upon which a dog is kept or harbored may allow such a dog to disturb or annoy any other person or neighborhood by frequent or habitual howling, yelping or barking. Whoever harbors such a dog maintains a nuisance.

Fischer received a 3–day suspended sentence, was fined $40, including court costs, and placed on probation for a period of 1 year.

Fischer appealed to the Spokane County Superior Court, asserting the statute in question was unconstitutional. The court found SMC 10.03.030 void for vagueness under the Fourteenth Amendment and Const. art. 1, § 3 and reversed the conviction. The City appealed to the Court of Appeals which certified the case to this court pursuant to RCW 2.06.030(2), (c). We accepted certification and granted direct review.

The same rules of statutory construction apply to municipal ordinances as to state statutes. *Puyallup v. Pacific Northwest Bell Tel. Co.,* 98 Wn.2d 443, 448, 656 P.2d 1035 (1982). They are presumed constitutional, and a party claiming otherwise has the burden of proving them unconstitutional beyond a reasonable doubt. *Haberman v. WPPSS,* 109 Wn.2d 107, 139, 744 P.2d 1032, 750 P.2d 254 (1987); *Convention Ctr. Coalition v. Seattle,* 107 Wn.2d 370, 378, 730 P.2d 636 (1986); *State v. Maciolek,* 101 Wn.2d 259, 263, 676 P.2d 996 (1984).

■ To meet its burden of proof, a plaintiff must show an ordinance does not satisfy the requirements of due process. "The test for evaluating the vagueness of legislative enactments contains two components: adequate notice to citizens and adequate standards to prevent arbitrary enforcement." *State v. Maciolek, supra* at 264; *see Kolender v. Lawson,* 461 U.S. 352, 75 L. Ed. 2d 903, 103 S. Ct. 1855 (1983).

Fischer contends SMC 10.03.030 is void for vagueness on its face. To support his contention, he argues the terms "frequent", "habitual", "disturb", and "annoy", which are elements of the crime, have no legal definition either legislatively or judicially. Therefore, as common usage terms, they must be defined by their dictionary meanings. Under their ordinary usage, Fischer claims the terms in the ordinance are too subjective. Any term not defined within the statute must be accorded its plain and ordinary meaning unless a contrary intent appears. *Dennis v. Department of Labor & Indus.,* 109 Wn.2d 467, 479–80, 745 P.2d 1295 (1987); *In re Estate of Little,* 106 Wn.2d 269, 283, 721 P.2d 950 (1986). "An ordinance is unconstitutional when it forbids conduct in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application." *Burien Bark Supply v. King Cy.,* 106 Wn.2d 868, 871, 725 P.2d 994 (1986).

The City claims a person of ordinary intelligence can understand what conduct is proscribed by the ordinance. Comparing SMC 10.03.030 to a similar ordinance in *State v. Cole,* 18 Ariz. App. 237, 501 P.2d 413 (1972), the City argues the terms "frequent" or "habitual" are not vague and their meaning is known to the average person of common intelligence.

Article 8, section 2 of the Code of the City of Phoenix states:

"No person shall keep a dog within the City limits which is in the *habit* of barking or howling or disturbing the peace and quiet of any person within the City." (1962) (Emphasis added.)

544

*State v. Cole,* at 238 (quoting CCP § 8–2).

> [T]he word "habit" is not unconstitutionally vague as being beyond the comprehension and understanding of a person of common intelligence. "Habit" has been defined as "a settled tendency of behavior or normal manner of procedure: custom, practice; . . . a behavior pattern acquired by frequent repetition . . .." Webster's New International Dictionary 1017 (3rd ed. 1961). Given the obvious purpose of the ordinance, to preserve the peace and quiet of the city, we would be hard–pressed to find a word different from "habit" to express the prohibited conduct. . . .

*State v. Cole,* at 239.

Citing *Everett v. O'Brien,* 31 Wn. App. 319, 641 P.2d 714 (1982), the City argues "disturb or annoy" are not unconstitutionally vague terms. There the court held "[a] person of ordinary understanding is capable of determining when noise from his motorcycle is unreasonably disturbing the peace, comfort, and repose of others." *O'Brien,* at 323.

Neither case is controlling to the matter before us. The Phoenix ordinance, in contrast to SMC 10.03.030, does not allow *any* person, on the basis of subjective annoyance or disturbance, to make a determination as to an element of the crime. Furthermore, the Arizona case only addressed the term "habit", not the other terms contained in the Spokane ordinance. *O'Brien* is distinguished in that the standard of reasonableness is contained in the ordinance. *See also Seattle v. Eze,* 45 Wn. App. 744, 727 P.2d 262 (1986), *review granted,* 107 Wn.2d 1026 (1987), which upheld a disorderly conduct ordinance using the phrase "unreasonably disturbs others". No standard of reasonableness appears in the Spokane ordinance.

■ The ordinance before us proscribes *criminal* conduct for a natural canine act—barking. The scope of the ordinance is broad, extending generally to any dog owner or landowner allowing "frequent or habitual" barking which "disturbs or annoys" any other person or neighborhood. The crux of the ordinance is that it gives to *any* person who feels a dog's frequent or habitual barking is annoying or

disturbing the power to make a subjective determination a crime has been committed. While under most circumstances, "frequent or habitual" may be understood by ordinary persons of common intelligence, it is impossible to know whether this barking "disturbs or annoys" another person or neighborhood. Rather than owners being able to determine readily their compliance with the ordinance, it is any person or neighbor's threshold tolerance for barking which determines lawful conduct by the owner or harborer of a dog.

While numerous examples can be cited to demonstrate the potential for neighborhood abuse, some common examples illustrate the point. Many persons, especially the elderly and single women, purchase dogs for protection and security. This ordinance could penalize the owner whose dog barks whenever strangers or postal carriers approach the house or barks briefly every time it is let out of the house for a walk. Whether this behavior is lawful or unlawful will depend solely on the subjective feeling of annoyance or disturbance by a particular person or neighborhood. Conceivably, strangers walking by the same residence every day could file a complaint if the dog always barks at them.

SMC 10.03.030 provides neither adequate notice to citizens of unlawful conduct nor adequate standards to prevent its arbitrary enforcement. It violates both the Fourteenth Amendment and Const. art. 1, § 3, and is void.

Affirmed.

PEARSON, C.J., and UTTER, BRACHTENBACH, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.