**CITY OF EDINA, Respondent,**

v.

**Roger H. DREHER, Appellant.**

No. C7–89–1920.

Court of Appeals of Minnesota.

April 24, 1990.

Review Denied June 15, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Marshall Halberg, David J. McGee, Thomsen, Nybeck Law Firm, Edina, for respondent.

Steven D. DeRuyter, Leonard, Street & Deinard, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY, and GARDEBRING, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from judgment against appellant for violating a city ordinance that prohibits a person from keeping an animal which by any noise disturbs the peace and quiet of persons in the vicinity. Appellant argues that the city ordinance denies him due process of law. We reverse.

## FACTS

On August 14, 1989, an Edina community officer was dispatched by the police department to answer a citizen's complaint that a dog was barking at the house of appellant Roger Dreher. Upon reaching the house, the officer sat in his vehicle and from about 50 yards away listened to appellant's dog bark. Before leaving, the officer left a warning citation and a copy of Edina City

Ordinance, Number 312, § 29(j) (Dec. 2, 1981), which provides:

No person owning, operating, having charge of or occupying any building or premises shall keep or allow to be kept any animal which shall by any noise disturb the peace and quiet of any persons in the vicinity thereof.

Two days later another complaint was made about appellant's dog by a second individual. The same community officer stopped near appellant's house and listened for about 10 minutes while the dog barked. The officer testified that on this second occasion he could hear barking and also "a howling or whining type noise." The officer further testified that it was a higher frequency and the "frequency and consistency were disturbing." He testified that the dog barked about every 10 seconds for approximately 10 minutes.

The officer then issued a formal citation to appellant for violating the Edina ordinance. At trial neither of the original complainants were called, and the city's case rested on solely on the officer's testimony. After trial to the court, appellant was convicted of violating the Edina ordinance and assessed a $30 fine, plus court costs.

## ISSUE

Does Edina City Ordinance, Number 312, § 29(j), as applied to appellant, violate due process of law?

## ANALYSIS

Appellant asserts that Edina City Ordinance, Number 312, § 29(j), is unconstitutionally vague as applied to him and thereby deprives him of due process of law.

■ The Edina ordinance must meet due process standards of definiteness under both the United States Constitution and the Minnesota Constitution. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn. 1985). Persons of common intelligence must not be left to guess at the meaning of the ordinance nor differ as to its application. *Id.* The purposes of the void for vagueness doctrine are to put people on notice of what conduct is prohibited and, more importantly, to discourage arbitrary and discriminatory law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983).

■ When fundamental rights are not involved, as here, vagueness challenges must be examined in light of the defendant's actual conduct. *State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). Appellant must show that the ordinance "lacks specificity as to his own behavior and not as to some hypothetical situation." *State v. Kager*, 382 N.W.2d 287, 289 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. April 24, 1986). Appellant must prove a constitutional violation beyond a reasonable doubt. *Rio Vista Non–Profit Housing Corp. v. County of Ramsey*, 335 N.W.2d 242, 245 (Minn.1983) *appeal dismissed*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984).

■ Respondent contends the phrase "disturb the peace and quiet" has a well accepted, generally understood meaning so that when applied to appellant's conduct, it meets the constitutional standard. We disagree. Respondent cites three cases for support. In *State v. Johnson*, 282 Minn. 153, 163 N.W.2d 750 (1968), Vietnam war protesters disrupted the Minneapolis Aquatennial parade by climbing lamp posts, shouting, and distributing leaflets. Charged with violating a Minneapolis ordinance that punishes "conduct which disturbs the peace and quiet," the protesters challenged the ordinance on vagueness grounds.[1] The supreme court rejected the challenge, reasoning that the defendants were aware of the nature of the charged offense, that is, creating traffic congestion during a parade. *Johnson*, 282 Minn. at 159, 163 N.W.2d at 754. Similarly, in an-

---

1. The entire ordinance reads:

No person, in any public or private place, shall engage in, or prepare, attempt, offer or threaten to engage in, or assist or conspire with another to engage in or congregate because of, any riot, fight, brawl, tumultuous conduct, act of violence, or any other conduct which disturbs the peace and quiet of another save for participating in a recognized athletic contest. *Johnson*, 282 Minn. at 158 n. 1, 163 N.W.2d at 753 n. 1 (quoting Minneapolis Code of Ordinances, § 870.060).

other case, the supreme court affirmed a conviction under the same ordinance when the defendant entered a church during a reverential part of the service, berated a clergyman, and refused to leave. *State v. Olson*, 287 Minn. 300, 301–02, 178 N.W.2d 230, 231 (1970). Finally, in 1973 the supreme court rejected a vagueness challenge to Minn.Stat. § 609.705(3), the unlawful assembly statute, when protesters disrupted operation of a restaurant by blocking entrances and damaging property.[2] *State v. Hipp*, 298 Minn. 81, 89–90, 213 N.W.2d 610, 615–16 (1973).

Respondent's reliance on these cases is misplaced. Unlike *Johnson, Olson*, and *Hipp* where clear observable deviant conduct occurred, appellant's compliance with the ordinance hinged on the officer's personal sense of annoyance over the sound of a natural act, a dog barking. Blocking traffic, disrupting a church service, or interfering with a business are unusual acts, and may be understood by ordinary people of common intelligence as disturbing the peace. Here appellant was left to guess whether his dog's barking disturbed others in the vicinity. The ordinance provided no objective standard against which appellant could measure the level of his dog's barking.

The key words in the ordinance are "by any noise disturb the peace and quiet of any persons in the vicinity." Who does that mean? Does that include several month old babies which may easily be disturbed and cry at any strange sound? Does it include the elderly or anyone who is extremely sensitive and claims to be disturbed by any noise above the normal hum of conversation? Does it include persons who, because of their love of pets, have an extremely high tolerance for barking dogs and mewing cats, or do we go by the standards of those who strongly dislike any pet within a residential area? The ordinance as written gives no guidance to the pet owner, the neighbor, or the investigating officer as to what is allowable barking and what is not.

Besides failing to put appellant on notice of what conduct is prohibited, the ordinance invites arbitrary enforcement. A city may enforce ordinances that reasonably specify what conduct is prohibited. However, it may not enforce an ordinance "whose violation may entirely depend upon whether or not a police officer is annoyed." *Coates v. Cincinnati*, 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971). Yet this is precisely what this Edina ordinance does. Because the city failed to introduce any evidence from the original complainants who reported appellant's dog barking, the question whether appellant violated the ordinance depended entirely on the officer's threshhold of annoyance.[3] Under these circumstances the Edina ordinance violates appellant's right to due process of law and therefore we reverse his conviction.

We note that the Washington Supreme Court recently addressed this same issue involving similar facts and a parallel ordinance. *See City of Spokane v. Fischer*, 110 Wash.2d 541, 754 P.2d 1241 (1988). In *Fischer*, the ordinance provided for conviction if a dog were permitted to "disturb or annoy another person or neighbor by fre-

---

2. The statute provides in part:
   When three or more persons assemble, each person is guilty of unlawful assembly which is a misdemeanor, if the assembly is: * * * Without lawful purpose, but the participants so conduct themselves in a disorderly manner as to disturb or threaten the public peace. *Hipp*, 298 Minn. at 82, 213 N.W.2d at 612 (quoting Minn.Stat. § 609.705(3)).

3. Edina City Ordinance Number 312, § 29(k) provides that before an officer may issue a citation he must personally investigate the circumstances forming the basis of the complaint. As respondent explained it, this requirement is practical and exemplary. It puts the buffer of a police officer between two neighbors and, in theory, should help screen nuisance calls from neighbors involved in a petty backyard dispute. However, when the prosecuting authorities made the decision not to call either of the two original complainants to identify by direct evidence what they heard and observed, the city, even though encouraging politeness and good manners between neighbors, deliberately deprived itself of its best evidence. Prosecuting authorities always have the privilege of excepting witnesses from their case in chief, but they also accept the risk that their case becomes weaker.

quent or habitual howling, yelping or barking." *Id.* at 543, 754 P.2d at 1241. The court held the ordinance was unconstitutionally vague. It reasoned that because violation of the ordinance turned on the neighbors' level of tolerance or intolerance for barking, an average person of common intelligence could not determine prohibited conduct. We find the reasoning by the court in *Fischer* logical and persuasive, and adopt it in this case.

### DECISION

Edina City Ordinance, Number 312, § 29(j) is unconstitutionally vague as applied to appellant and deprives him of due process of law.

Reversed.