873 P.2d 706

**STATE of Arizona, Appellee,**

v.

**Carolyn J. PHILLIPS, Appellant.**

**No. 1 CA–CR 93–0417.**

Court of Appeals of Arizona,
Division 1, Department A.

April 26, 1994.

As Amended May 12, 1994.

Roderick G. McDougall, Phoenix City Atty. by Gregory L. Hanchett, Asst. City Prosecutor, Phoenix, for appellee.

Patrick E. Eldridge, Phoenix, for appellant.

Richard M. Romley, Maricopa County Atty. by Mark K. Ainley, Deputy County Atty., Phoenix, R. William Call, Deputy City Atty., Tucson, amicus curiae for appellee.

## OPINION

EHRLICH, Judge.

The defendant appeals her conviction and sentence under Arizona Revised Statutes Annotated ("A.R.S.") section 28–692(A)(3), claiming that the statute is unconstitutional. For the following reasons, we affirm the conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. On March 30, 1992, a Phoenix police officer responded to a traffic accident which involved the defendant. At the scene of the accident, the officer noted that the defendant smelled of alcohol, slurred her speech, had watery eyes and seemed significantly impaired. He therefore administered four field sobriety tests to the defendant, each of which she failed. Two breathalyzer tests indicated that the defendant had a blood alcohol content of .06 and .058. However, because the officer felt that these results were inconsistent with her impaired condition and because the defendant stated that she had taken a Percocet earlier in the day, she was tested for the presence of drugs. The test revealed methamphetamine and a marijuana metabolite, but neither Percocet nor its metabolite were found.

The defendant was charged with violating section 28–692(A)(3), which prohibits driving or being in actual physical control of a vehicle while having a nonprescription drug or its metabolite in one's body.[1] Before trial in

---

1. The pertinent text of section 28–692(A)(3) reads:

A. It is unlawful and punishable as provided in section 28–692.01 for any person to drive or

municipal court, the state moved to preclude all evidence of whether the defendant was impaired because impairment need not be proven under section 28–692(A)(3). The defendant objected and moved to dismiss the section 28–692(A)(3) charge on the basis that the statute was unconstitutional.

At the hearing on the issue, the state presented the expert testimony of Eugene Adler, a forensic toxicologist for the Arizona Department of Public Safety ("DPS"). He testified without contradiction that methamphetamine is a nervous system stimulant which acts to impair judgment and cognitive skills. He stated that the duration of its effects is generally from six to eight hours, but that the effect is highly dose-dependent and that withdrawal symptoms can last for days. He added that, under the test used by DPS, passive marijuana inhalers will not test positive for having the metabolite in their system. His testimony also revealed that, since the manufacture and distribution of illicit drugs are unregulated and because the drugs' potency varies, the effects are unpredictable. Therefore, he noted, there is no level of use above which people can be presumed impaired or below which they can be presumed unimpaired.

The municipal court found the statute to be constitutional, determining that the legislature had intended to ensure public safety by keeping people who had consumed proscribed drugs from driving due to the unpredictability of the drugs' effects. The court then found the defendant to be guilty of violating section 28–692(A)(3) beyond a reasonable doubt. It revoked her driver's license for one year and ordered that she pay a fine of $430 and enter a driver's education program.

The defendant timely appealed to the Superior Court of Maricopa County, which found the statute constitutional, affirmed the conviction and remanded the case to the municipal court for execution of the sentence. This appeal followed.

## DISCUSSION

■ The defendant claims that section 28–692(A)(3) is unconstitutional for a multitude of reasons. A legislative enactment carries a strong presumption of constitutionality and it is the defendant, therefore, who carries the burden of proving its invalidity. *Chevron Chemical Co. v. Superior Court,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982); *Dano v. Collins,* 166 Ariz. 322, 323, 802 P.2d 1021, 1022 (App.1990). Because this action originated in municipal court and was appealed to superior court, our review is limited to the facial validity of the challenged statute. *State v. Martin,* 174 Ariz. 118, 120–21, 847 P.2d 619, 621–22 (App.1992). We do not examine the application of the statute to this individual defendant. *Id.*

■ The defendant's primary arguments charge that the statute is vague and overbroad. As a basis for her vagueness claim, she asserts that section 28–692(A)(3) lacks specific guidelines for its application and therefore permits arbitrary and discriminatory enforcement. A statute will not be held void for vagueness if it gives people of ordinary intelligence an opportunity to know what type of conduct is lawful and what is prohibited, and does not encourage arbitrary enforcement. *In re Pima County Juvenile Appeal No. 74802-2,* 164 Ariz. 25, 28, 790 P.2d 723, 726 (1990); *State v. Thompson,* 138 Ariz. 341, 344, 674 P.2d 895, 898 (App.1983). A statute that "gives fair notice of conduct to be avoided is not void for vagueness simply because it may be difficult to determine how far one can go before the statute is violated." *Berenter v. Gallinger,* 173 Ariz. 75, 81, 839 P.2d 1120, 1126 (App.1992). The due process requirement of a fair and definite warning does not mandate perfect notice or absolute precision. *Fuenning v. Superior Court,* 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983); *State*

---

be in actual physical control of any vehicle within this state under any of the following circumstances:
... 3. While there is any drug defined in section 13–3401 or its metabolite in the person's body.

The drugs defined in section 13–3401 include cannabis, dangerous drugs, noxious vapor-releasing substances, stimulants, opiates, narcotic, barbituric and hallucinogenic drugs.

v. *Averyt,* 160 Ariz.Adv.Rep. 17, 18, 1994 WL 67109 (App. March 8, 1994).

■ We fail to see how section 28–692(A)(3) is ambiguous in any way. It precisely defines, in unequivocal terms, the type of behavior prohibited: No one may drive or be in actual physical control of a vehicle if there is *any* amount of illicit[2] drug or its metabolite in that person's system. None of the statute's terms defy common understanding, and its interpretation is not dependent on the judgment of police officers or prosecutors. The statute gives fair and objective guidelines to both potential offenders and law enforcement personnel that any driver who has ingested a proscribed drug will be subject to prosecution. *Cf. People v. Gassman,* 251 Ill.App.3d 681, 190 Ill.Dec. 815, 823, 622 N.E.2d 845, 853 (1993) (rejecting vagueness challenge to similar Illinois statute because language is plain and precise). The statute is not void for vagueness.

■ The defendant also argues that the statute is overly broad because its sanction might apply to persons who passively inhale marijuana smoke[3] or who are not impaired by the use of illicit drugs, conduct which, the defendant claims, the state is not entitled to regulate. However, because she alleges neither a substantial infringement upon a protected First Amendment right nor that she is an "innocent" defendant, this defendant lacks standing to assert an overbreadth challenge to the statute on behalf of others. *Martin,* 174 Ariz. at 123, 847 P.2d at 624; *Cacavas v. Bowen,* 168 Ariz. 114, 117–18, 811 P.2d 366, 369–70 (App.1991).

2. Section 28–692(B) specifically states that a person who is using a drug prescribed by a licensed medical practitioner will *not* be guilty of violating section 28–692(A)(3) unless impaired by the use of the drug. Therefore, otherwise lawful use of a drug will not automatically subject a driver to liability under 28–692(A)(3); only the unauthorized, or illicit, use of such drugs will do so.

3. Adler's unrebutted testimony refutes the defendant's claim that a person who breathes secondhand marijuana smoke arguably could be convicted under the statute. Adler testified that a person who has merely passively inhaled such smoke will not, in fact, test positive under the test used by DPS.

4. In addressing an equal protection challenge, we will scrutinize the statute in question under the test appropriate for the type of classification established in the statute:

The defendant further alleges that the statute violates due process and equal protection. She claims that it cannot pass any level of judicial scrutiny and that, by not requiring a showing of impairment, the statute creates an arbitrary and unconstitutional presumption of impairment and violates legislative intent. We disagree.

■ In making her assertion, the defendant lists three levels of scrutiny utilized by the courts in assessing the constitutionality of a statute.[4] Without argument, she concludes that this statute fails to satisfy the requirements of any of the tests. Since section 28–692(A)(3) neither affects fundamental rights[5] nor a protected classification such as race, religion, national origin, gender or illegitimacy, we need only consider whether the statute is rationally related to a legitimate state purpose.

■ Section 28–692(A)(3) was enacted as part of Arizona's comprehensive law regulating drivers under the influence of intoxicating liquor or drugs ("DUI") and designed to protect the public by "reducing the terrible toll of life and limb" on our roads. *Fuenning,* 139 Ariz. at 595, 680 P.2d at 126. The portions of the DUI law that address alcohol impairment have been similarly challenged and have passed constitutional muster. *Id.* at 595–96, 680 P.2d at 126–27; *see also Cacavas,* 168 Ariz. at 116–17, 811 P.2d at 368–69; *Knapp v. Miller,* 165 Ariz. 527, 530–32, 799 P.2d 868, 871–73 (App.1990); *Thompson,* 138 Ariz. at 345–46, 674 P.2d at 899–900. The defendant claims, however, that section 28–

At a minimum, a statutory classification must be rationally related to a legitimate state purpose. Classifications based on race or national origin, and classifications affecting fundamental rights, are given the most exacting scrutiny. Between those extremes of rational basis review and strict scrutiny lies a level of intermediate scrutiny which generally has been applied to discriminatory classifications based on sex or illegitimacy. [Citations omitted.]
*Clark v. Jeter,* 486 U.S. 456, 461, 108 S.Ct. 1910, 1914, 100 L.Ed.2d 465 (1988).

5. Neither the ingestion of proscribed, illicit drugs nor the right to drive is a fundamental right subject to constitutional protection. *See Peyote Way Church of God v. Thornburgh,* 922 F.2d 1210, 1220 (5th Cir.1991); *Fuenning v. Superior Court,* 139 Ariz. 590, 597, 680 P.2d 121, 128 (1984).

692(A)(3) differs because, unlike alcohol for which there is a fixed level, no quantification is established for unlawful drugs.

The expert toxicologist's testimony established that the use of illicit drugs can affect a person's cognitive skills and impair judgment, and that the effects of withdrawal can result in lethargy and mental depression. He also stated that, unlike the blood alcohol concentration test used to measure alcohol impairment, there is no useful indicator of impairment from such drugs because they are fundamentally different from alcohol. Essentially, there can be no meaningful quantification because of the dangers inherent in the drugs themselves and in the lack of potency predictability. The defendant has not presented any evidence to the contrary.

We believe that the legislature was reasonable in determining that there is no level of illicit drug use which can be acceptably combined with driving a vehicle; the established potential for lethal consequences is too great. The state has a compelling legitimate interest in protecting the public from drivers whose ability may be impaired by the consumption of controlled substances and the legislature reasonably could have concluded that the per se prohibition embodied in section 28–692(A)(3) provided an effective deterrent to such activity. And, although section 28–692(A)(1) already makes it unlawful to drive while impaired by illegal drugs, the legislature could have rationally determined that the absence of a reliable indicator of impairment necessitated a flat ban on driving with any proscribed drugs in one's system. *See Gassman*, 622 N.E.2d at 853–54 (rejecting similar due process and equal protection questions). The challenged language does not create any type of presumption; it creates a valid prohibition. We find this statute to be a constitutional exercise of the state's police power.

We uphold the constitutional validity of section 28–692(A)(3). Accordingly, we affirm the defendant's conviction and sentence.

GRANT, P.J., and VOSS, J., concur.