945 P.2d 359

**STATE of Arizona, Appellee,**

v.

**Richard H. SINGER, Appellant.**

Nos. 1 CA–CR 96–0403, 1 CA–CR 96–0701.

Court of Appeals of Arizona,
Division 1, Department B.

March 27, 1997.

Review Denied Oct. 21, 1997.

Roderick G. McDougall, City Attorney, City of Phoenix by Michael Norville, Assistant City Prosecutor, Phoenix, for Appellee.

Michael E. Kranitz, Phoenix, for Appellant.

## OPINION

EHRLICH, Judge.

Richard H. Singer ("defendant") appeals from the Maricopa County Superior Court's judgments that PHOENIX, ARIZ. CITY CODE ("P.C.C.") section 8–2 (1962) is not unconstitutionally vague, thereby upholding similar determinations by the Phoenix Municipal Court. For the reasons which follow, we also affirm.

### FACTS AND PROCEDURAL HISTORY

In 1993, the defendant was convicted in Phoenix Municipal Court of violating P.C.C. section 8–2 by keeping a dog which was in the habit of barking or howling, or disturbing the peace and quiet of any person, a class 1 misdemeanor. The case was appealed to the superior court, the conviction affirmed and the case remanded for sentencing. The defendant's sentence was suspended and he

was placed on probation for one year. Conditions of probation included that he restrict his dogs from entering the side yard next to the victim's residence, that he pay a $25 fine and that he be a lawabiding citizen at all times.

On May 22, 1995, the Phoenix City Prosecutor filed a second complaint, alleging that the defendant had again violated P.C.C. section 8–2 on November 19, 1994. The prosecutor also filed a petition to revoke the defendant's probation, alleging that, on November 19, 1994, the defendant had kept a dog that was in the habit of barking, thus violating the probationary term requiring him to be a lawabiding citizen at all times.

The defendant was found guilty of violating the ordinance a second time, sentenced to ten days in jail and ordered to pay a fine of $500. The municipal court also found that the defendant had violated the terms of his probation and extended the length of the probation for an additional year.

The defendant challenged the Phoenix City Court judgments by appealing to the Maricopa County Superior Court, ARIZ.REV.STAT. ANN. ("A.R.S.") section 22–371, and arguing that the ordinance was unconstitutionally vague. The court affirmed the municipal court's judgments. It found that P.C.C. section 8–2 was not so infirm. The defendant then appealed both judgments to this court. A.R.S. § 22–375. *Sua sponte*, we consolidated the two appeals.

### DISCUSSION

The defendant asks us to examine whether P.C.C. section 8–2 is unconstitutionally vague. The challenged ordinance reads:

No person shall keep a dog within the City limits which is in the habit of barking or howling or disturbing the peace and quiet of any person within the City.

P.C.C. § 8–2.

■ General guidelines for statutory construction require us to give an ordinance full operation and "to avoid a construction which would render the statute meaningless

or of no effect." *State v. Schoner*, 121 Ariz. 528, 530, 591 P.2d 1305, 1307 (App.1979). There is a strong presumption in favor of the constitutionality of an enactment and, thus, it is the defendant who bears the burden of demonstrating the invalidity of the legislation. *State v. Phillips*, 178 Ariz. 368, 370, 873 P.2d 706, 708 (App.1994). Because this action originated in municipal court and was appealed to superior court, we do not examine the application of the ordinance to this defendant; rather, we review section 8–2 for its facial validity. *Id.* If the statute is constitutional, our inquiry is at an end. *State v. Crisp*, 175 Ariz. 281, 282, 855 P.2d 795, 796 (App.1993).[1]

■ Vague statutes offend the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Western*, 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991). The bar against legislative vagueness requires that a penal statute must " . . . define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). A legislative enactment must "provide explicit standards for those who will apply it." *State v. Takacs*, 169 Ariz. 392, 394, 819 P.2d 978, 980 (App. 1991). However, "[t]he due process requirement of a fair and definite warning does not mandate perfect notice or absolute precision." *Phillips*, 178 Ariz. at 370, 873 P.2d at 708. "As has been aptly stated, 'condemned to the use of words, we can never expect mathematical certainty from our language.'" *State v. Cole*, 18 Ariz.App. 237, 238, 501 P.2d 413, 414 (1972) (*quoting Grayned v. City of Rockford*, 408 U.S. 104, 110, 92 S.Ct. 2294, 2300, 33 L.Ed.2d 222 (1972)).

■ The defendant argues that the phrase "any person" within P.C.C. section 8–2 lacks specificity. He asserts that the ordinance provides no objective standard requiring that the victim be a person of ordinary sensibili-

---

1. The city argues that the defendant has no standing to challenge the ordinance because his conduct clearly falls within the activities it pro-

scribes. *State v. Tocco*, 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988). We will assume standing for the purposes of this case.

ties and that this prevents dog owners from knowing whether their dogs' behavior might bring them within the ambit of the ordinance.

■ As was said above, this court is required to presume an ordinance to be constitutional and to defer to any reasonable construction that would make it so. *Schoner,* 121 Ariz. at 530, 591 P.2d at 1307. We do not find the words "any person" to be unconstitutionally vague because we find inherent in that phrase a presumption that such person be a reasonable one. Construing the ordinance in this way renders it constitutionally acceptable.

Such a construction is not novel. The supreme court imposed a similar analysis upon a "disturbing the peace" statute in *State v. Johnson,* 112 Ariz. 383, 542 P.2d 808 (1975). In that case, the following language was at issue:

A. A person is guilty of a misdemeanor who maliciously and wilfully disturbs the peace or quiet of a neighborhood, family or person by:

1. Loud or unusual noise.

In addressing a contest to the statute as unconstitutionally vague, the supreme court wrote:

In order to determine whether the noise made by appellant was loud and unusual, it must be evaluated in terms of a reasonable man standard. Our inquiry must determine whether the noise would disturb a person of ordinary sensitivities; that is, the "language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man."

*Id.* at 385, 542 P.2d 808 (*quoting People v. Harvey,* 307 N.Y. 588, 123 N.E.2d 81 (1954)).

P.C.C. section 8–2 has once before survived a vagueness challenge. In that case, the use of the word "habit" was considered and found not to be constitutionally infirm. *Cole,* 18 Ariz.App. at 239, 501 P.2d at 415. The requirement that the barking be a "habit" provides further guidance for the implementation of the ordinance; a mere one-time disturbance is not enough to trigger its protection.

The defendant cites two other jurisdictions which have found the use of the phrase "any person" in barking-dog ordinances to be unconstitutionally vague. In *City of Spokane v. Fischer,* the court invalidated an ordinance which prohibited dog owners from allowing a dog to "disturb or annoy any other person or neighborhood by frequent or habitual howling, yelping or barking." 110 Wash.2d 541, 754 P.2d 1241 (1988). It found the ordinance unconstitutionally vague because " . . . it gives to *any* person who feels a dog's frequent or habitual barking is annoying or disturbing the power to make a subjective determination a crime has been committed." *Id.* 754 P.2d at 1242 (emphasis original). We believe, however, that the concerns of the Washington court have been adequately addressed by the construction we have adopted for the Phoenix ordinance.

The Minnesota Court of Appeals relied on the Washington case in overturning an ordinance similar to the Phoenix ordinance. *City of Edina v. Dreher,* 454 N.W.2d 621 (Minn. App.1990). The Minnesota ordinance made it illegal to keep any animal which by any noise disturbed the peace and quiet "of any persons in the vicinity thereof." *Id.* The court expressed concern that the ordinance might allow supersensitive persons or those who dislike pets to be the barometer for measuring whether a pet owner was in violation of the law. *Id.* at 623. While that court decided that the ordinance gave no guidance to the pet owner "as to what is allowable barking and what is not," *id.,* again, we feel that this issue is adequately resolved by utilizing the construction we have adopted.

Our holding that the phrase "any person" in this ordinance is not unconstitutionally vague is further supported by the findings of courts in several other states. *City of Virginia Beach v. Murphy,* 239 Va. 353, 389 S.E.2d 462 (1990) (court upheld constitutionality of municipal noise ordinance prohibiting "playing of any television set, radio, tape player, . . . in manner or volume as to annoy 'any person' "); *In re Bushman,* 1 Cal.3d 767, 83 Cal.Rptr. 375, 463 P.2d 727 (1970) (court upheld disturbing-the-peace statute

making it misdemeanor to "maliciously and willfully disturb[ ] the peace or quiet of any person") (overruled in part on other grounds, *People v. Lent*, 15 Cal.3d 481, 124 Cal.Rptr. 905, 541 P.2d 545, 548 n. 1 (1975)); *State v. Winkelman*, 24 Or.App. 317, 545 P.2d 601 (1976) (court upheld against vagueness challenge statute declaring dog which "disturbs any person by frequent or prolonged noises" to be a public nuisance).

Because P.C.C. section 8–2 is not unconstitutionally vague, we affirm the judgments of the superior court sustaining the judgments and dispositions of the municipal court.

NOYES, P.J., and GERBER, J., concur.