MEMORANDUM *
Calvin Stephens and Stanley Edward Hayes, III, on behalf of themselves and a putative class (collectively, Stephens), appeal the district court’s order granting summary judgment to the City of Spokane, Washington and Spokanimal C.A.R.E., on Stephens’s claims under 42 U.S.C. § 1983. We affirm.
We construe Spokane Municipal Code § 10.03.060 as a whole to mean that a violation is established if a person allows an animal “unreasonably” to disturb an animal control officer or individual residing within 300 feet by “habitually barking, howling, yelping, whining or making other oral noises.” SMC § 10.03.060(A), (B) (2007). In other words, subsection (B) builds on, and is informed by, subsection (A). Therefore, the ordinance, which prescribes a civil infraction, adopts an objective standard that is not unconstitutionally vague. See Grayned v. City of Rockford, 408 U.S. 104, 109-14, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Cameron v. Johnson, 390 U.S. 611, 615-16 & n. 7, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); City of Seattle v. Eze, 111 Wash.2d 22, 759 P.2d 366, 369-70 (1988); cf. City of Spokane v. Fischer, 110 Wash.2d 541, 754 P.2d 1241, 1242-43 (1988) (striking down a criminal barking dog ordinance that was violated merely by a person’s subjective feeling of annoyance or disturbance, regardless of the person’s proximity or residency).
Nor does the record show that the ordinance is too vague to be enforced rationally. The barking dog petitions, which Stephens particularly faults, are not charging documents; they are citizen complaint forms. While the forms could no doubt be improved, they have only an investigatory and record-keeping role. If a citation is issued as a result of a Spokanimal investigation, then the City has to show a violation; that is to say, it has to show that the person cited allowed his animal to unreasonably disturb an animal control officer or resident within 300 feet by habitually barking, howling, etc. on the date charged. Indeed, Stephens challenged the citation in state court, and won (though Hayes did not).
Stephens argues that the citations assess excessive penalties and require mandatory court appearances unauthorized by statute. However, Stephens paid no penalties, and Hayes was ultimately assessed a $250 penalty that was within statutory limits. See SMC § 1.02.950(C)(1) (2007). Requiring a mandatory court appearance, as happened only in Hayes’s case, was a mistake that is not attributable to vagueness of the ordinance. Mandatory court appearances are an available penalty only for criminal matters, whereas violations of SMC § 10.03.060 are plainly civil. See SMC § 10.03.060(C).
In sum, SMC § 10.03.060 provides “people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits,” without authorizing or eneour- *68 aging “arbitrary and discriminatory enforcement.” Hill v. Colorado, 530 U.S. 703, 732, 120 S.Ct. 2480, 147 L.Ed.2d 597 (2000).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.